Theodore D. CHRISTENSEN,
Plaintiff-Appellee,

v.

The EQUITABLE LIFE ASSURANCE
SOCIETY OF the UNITED STATES,
Defendant-Appellant.

No. 84–1565.

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1985.

Decided July 10, 1985.

Rehearing and Rehearing En Banc
Denied Aug. 29, 1985.

Frederick W. Dennerline, III, Fillenwarth, Dennerline, Groth & Baird, Indianapolis, Ind., for plaintiff-appellee.

Michael W. Brody, Law Office of Werner Weinstock, New York City, for defendant-appellant.

Before BAUER and POSNER, Circuit Judges and PECK, Senior Circuit Judge.[1]

JOHN W. PECK, Senior Circuit Judge.

This is an employment discrimination case. Plaintiff-Appellee Theodore D. Christensen, a white employee of defendant-appellant Equitable Life Assurance Society, was replaced as manager of the company's Indianapolis division by a younger black man. Christensen brought suit in the United States District Court for the Southern District of Indiana, alleging discrimination on the basis of age and race. The jury found for Christensen on both claims. Because we do not believe that the evidence presented, combined with all inferences which may reasonably be drawn from it, when viewed in the light most favorable to Christensen, is sufficient to support the verdict, we reverse.

The evidence adduced at trial established the following facts. In 1980, Christensen

---

1. Hon. John W. Peck of the Sixth Circuit, sitting     by designation.

was 52 years old and had been working for Equitable for twenty-five years. He had been the company's Division Manager in Indianapolis since 1966. While Christensen was rated as a satisfactory employee, there were some complaints about his competence, particularly in the area of client relations, and his confidential evaluations (which were not shown to him) rated him in the lower range of ability among Equitable employees of his rank. Equitable decided to replace Christensen as Indianapolis Division Manager with a younger black man, whose abilities the company regarded highly.

At the same time, Equitable wished to continue to use Christensen, whom it felt to have particular ability in the training of younger employees. Accordingly, an internal company memorandum discussed creating a new "Associate Division Manager" position for Christensen in the company's Chicago office. The memorandum also stated that if there was insufficient work to justify the position, it would be eliminated. Christensen was offered the position, with no reduction in either his salary or his personnel rank. It was also made clear to Christensen that if he did not accept the transfer, he would be terminated.

Christensen explored the possibility of transferring to Chicago. He decided against the move, however, for two reasons: the nebulous nature of the position, which made him uncertain what his duties would be and how long he would have the job, and the high cost of real estate in Chicago, which would result in a substantial reduction in his living standard. He also claims to have doubted that the company actually would terminate him for declining the transfer.

Christensen, after declining the transfer, was terminated on January 3, 1981. He filed his suit against Equitable on August 31, 1982, asserting employment discrimination on the basis of race, in violation of 42 U.S.C. § 1981, and of age, in violation of 29 U.S.C. § 623(a). The case was tried before a jury in December 1983. Evidence submitted by Equitable, consisting of testimony by Christensen's immediate supervisor and another company executive, showed that the company had been concerned about Christensen's job performance for some time. Christensen testified as to the facts surrounding his dismissal, summarized above, and of his replacement by a younger black man. He failed to offer any evidence, statistical or otherwise, demonstrating that Equitable discriminates against whites or that it discriminated against him because he was white. He did offer evidence that Equitable has an affirmative action program, and that it aggressively recruits blacks for management positions. As far as age discrimination is concerned, Christensen established only that his successor was a younger man, and that his early departure from the company had a negative effect upon his pension benefits.

■ The jury found for Christensen on both claims, and awarded damages of $62,-000 on the age discrimination claim. On the race discrimination claim, the jury awarded $300,000 in compensatory and $700,000 in punitive damages. Equitable filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The court ordered a new trial on the race discrimination claim unless Christensen agreed in a reduction of the award on that count to $75,000 in compensatory and $125,000 in punitive damages. Christensen accepted the reduction, and from the trial court's denial of judgment notwithstanding the verdict, Equitable filed a timely appeal to this court.[2]

---

**2.** Christensen argues that Equitable's appeal on the age discrimination claim is time-barred, since an order the court entered in March correcting a clerical error in an earlier order of judgment in January affected only the judgment on the race discrimination claim. In Christensen's view, the January order acted as a final judgment on the age discrimination claim, and Equitable's notice of appeal, filed in April, was untimely with respect to this claim. This bifurcated approach to finality is precluded by Fed. R.Civ.P. 54(b), which states that a partial resolution of a case leaving some claims unresolved is not a final judgment.

## II.

We consider first Equitable's appeal of the race discrimination claim. The standard for reviewing a trial court's action on a motion for judgment notwithstanding the verdict was recently stated by this court in *Tice v. Lampert Yards, Inc.*, 671 F.2d 1210 (7th Cir.1985). In that case, we stated that "[t]he standard ... is whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in a light most favorable to the party against whom the motion is directed." At 1213; *see also Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234–235, 232 (1943); *Freeman v. Franzen*, 695 F.2d 485, 488 (7th Cir.1982).

■ A careful review of the record establishes that there was not sufficient evidence, when so viewed, from which the jury might have found that Christensen was the victim of race discrimination. Christensen's contention is that Equitable is what the District of Columbia Circuit has called "that unusual employer who discriminates against the majority." *Parker v. Baltimore & Ohio R.R. Co.*, 652 F.2d 1012, 1017 (D.C.Cir.1981). The trial court properly held, as did the *Parker* court, that plaintiff should nevertheless have the opportunity of demonstrating that his treatment met the conditions for employment discrimination outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1982), and *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), although those opinions were written in terms of discrimination against the minority. *See Parker, supra*, at 1017. We further agree that the choice Christensen's employer gave him between transfer to Chicago and termination constituted constructive discharge and that Christensen made out a prima facie case of discrimination. The record establishes, however, that Equitable rebutted this presumption by articulating legitimate, nondiscriminatory reasons for the action. *McDonnell Douglas, supra*, 411 U.S. at 802, 93 S.Ct. at 1824; *see also Burdine, supra*, 411 U.S. at 252–59, 101 S.Ct. at 1093–1097. Equitable showed that it considered Christensen only marginally qualified for the very important position he held, and that it wished to replace him with someone it regarded as far better qualified. While the criteria on which it relied in making this determination may have been somewhat subjective, the criteria for evaluating executive personnel in a major corporation are necessarily subjective.

■ Christensen utterly failed to meet the burden which shifted to him, once Equitable showed a nonpretextual reason for its action, of "demonstrat[ing] that the proffered reason was not the true reason for the employment decision." *Burdine, supra*, 450 U.S. at 256, 101 S.Ct. at 1095. The only evidence of discriminatory intent which Christensen was able to offer was the fact that Equitable has an affirmative action program which seeks to recruit black employees for executive positions. But, as the *Parker* court noted, a lawful affirmative action program is not evidence of discrimination against the majority. *Parker, supra*, at 1017 n. 9. National policy permits the use of voluntary affirmative action programs to remedy the legacy of discrimination. For the courts to discourage the use of such programs by treating them as evidence in themselves of the very discrimination they are designed to eradicate would be improper. The fact that Equitable had such a program is not evidence of discrimination.

Christensen failed to present any probative evidence that he was fired for racially discriminatory reasons and not for the legitimate reasons proffered by his employer. He thus failed to sustain his "ultimate burden of [showing] that [he] has been the victim of intentional discrimination." *Burdine, supra*, 450 U.S. at 256, 101 S.Ct. at 1095. The judgment in his favor on the

racial discrimination claim, therefore, must be reversed.

■ Nor is there probative evidence that Equitable intentionally discriminated against Christensen because of his age. As has been noted, Equitable demonstrated a nonpretextual reason for its action. The most that Christensen was able to show in rebuttal was that his early disassociation from the company had a negative impact on the size of his pension. In the absence of any showing that Equitable has a policy of terminating older employees in order to save on pension payments, Christensen's evidence fell far short of the substantial character needed to establish purposeful age discrimination. Therefore, we reverse on this count as well.

### III.

The judgment of the district court is reversed and the cause is remanded for the entry of judgment for the defendant. No attorneys' fees are awarded, and each party will bear its own costs on appeal.