Marion BATES, Jr., Plaintiff,

v.

The CARBORUNDUM COMPANY and the Standard Oil Company of Ohio, Defendants.

No. S84–740.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 19, 1985.

Richard J. LaSalvia, South Bend, Ind., for plaintiff.

John A. Simonetti, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Plaintiff, Marion Bates, Jr., filed his Amended Complaint in this case on May 13, 1985 alleging that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., when they terminated plaintiff's employment on September 12, 1983. The defendants filed a motion for summary judgment and the parties have fully briefed the issues. The parties have engaged in extensive discovery proceedings, including deposing all principal individuals involved. Accordingly, the motion is ripe for ruling.

Summary judgment must be granted when the pleadings, answers to interrogatories, admissions on file and any affidavits demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56(e). In reviewing the pleadings and supporting documents, they must be viewed in the light most favorable to the nonmoving party. Trulson v. Trane Co., 738 F.2d 770, 771 (7th Cir.1984); Korf v. Ball State University, 726 F.2d 1222, 1226 (7th Cir.1984).

The record in this case reveals the following undisputed facts. Defendants operate an insulation manufacturing plant in New Carlisle, Indiana. Larry Waites was the Plant Manager of the facility at all times relevant to this case and was responsible for all the operations at the New Carlisle facility. The plaintiff, Marion Bates, Jr., was first hired by defendant, Carborundum Company, (Carborundum) in July 1973 as a contract buyer by the Pangborn Division in Hagerstown, Maryland. In 1977, plaintiff was promoted to senior buyer at the Hagerstown plant. For each year that plaintiff was at the Hagerstown plant from 1978–1981, he received the highest performance evaluation which an employee could receive—"above expected: consistently exceeds requirements of position characterized by initiative and valuable contribution to organization goals." While Marion Bates was a senior buyer at the Pangborn Division, he had one junior buyer that he supervised. He was not involved in manpower planning, recruiting, affirmative action work, compensation studies, safety or environmental studies, training or personal development, labor negotiations, management negotiations or contract administration of the labor agreement.

In 1981, plaintiff responded to an internal job posting for the position of Production Services Manager at the New Carlisle facility. He interviewed for the position and was hired. Mr. Waites hired Mr. Bates as Production Services Manager because of his high evaluations and experience in purchasing. Plaintiff was transferred to New Carlisle and received grade and wage increases with the promotion.

Mr. Bates' duties as Production Services Manager included production scheduling, shipping, warehousing, purchasing of raw materials and inventory control. Approximately twelve employees reported to plaintiff or his subordinates. Plaintiff was given a first year evaluation as Production Services Manager at New Carlisle of 3— "expected level of performance: performance consistently meets all the requirements of the job and all expectations in terms of contribution to the company." By definition, this was a very satisfactory performance evaluation. The plaintiff's second year evaluation at New Carlisle, dated August 1983, reveals that plaintiff received a 2 rating—"with few exceptions meets expected level of performance: with few exceptions meets most, but not all, job requirements and expectations; requires more than minimum help from supervisor and others. Employee has minor performance deficiencies, but shows willingness and ability to overcome them." This evaluation of Mr. Bates was not discussed with him because it was not received back from headquarters until after Mr. Bates was terminated from his employment at Carborundum. In mid-1983 an opening arose for the position of Human Resource Manager at the New Carlisle facility. The position was posted internally throughout Carborun-

dum's system in July 1983. No one from the New Carlisle facility applied for the position and no qualified internal candidates were found.

In 1983, adverse business conditions throughout the Insulation Division dictated that staff reductions were needed. The reductions in force were to take place at all three Insulation Division manufacturing locations: New Carlisle, Indiana; Niagra Falls, New York; and New Iberia, Louisiana. Mr. Waites as plant manager determined that three salary positions could be eliminated at the New Carlisle facility which included Production Services Manager which was plaintiff's position; Fabricated Production Manager which was held by Victor O'Block and Assistant Plant Engineer held by Tim Walz. Mr. Waites, in reaching said decision reasoned that the New Carlisle facility had been without a Production Services Manager for some time prior to bringing Mr. Bates on board with subordinate personnel in production scheduling and purchasing reporting directly to him which procedure could be resumed; that the Assistant Plant Engineer position could be totally eliminated because Mr. Walz was working on projects and since the facility was cutting back there would be no project activities to work on; and, that the duties of the Fabricated Production Manager could be handled by the remaining production manager. The recommendation of Mr. Waites, which was based solely on the positions, was accepted by the Insulation Division Management at its Niagra Falls headquarters the end of the week just prior to September 12, 1983.

After deciding which salary positions were to be eliminated, Mr. Waites decided to combine the vacant position of Human Resource Manager with duties of an Administrative Assistant reporting to him. Mr. Waites considered both Mr. Bates and Mr. O'Block for the combined position and reviewed their respective personnel files. After considering the respective qualifications of each individual, Mr. Waites decided to offer the combined position to Mr. O'Block because of Mr. O'Block's experience in training and working with people in

an industrial manufacturing environment, customer contact and quality control as well as Mr. O'Block's knowledge and experience with respect to the quality work life and employee participation program at the New Carlisle facility which he helped set up and his familiarity with the type of organization at the New Carlisle facility. The decision to offer Mr. O'Block the combined position was discussed with company officials in Niagra Falls at the meetings just prior to September 13, 1983. Mr. Pradelski, the Personnel Division Manager, expressed reluctance at the choice because of Mr. O'Block's lack of experience in personnel matters. Mr. Pradelski agreed, however, with the stipulation of Mr. O'Block having other assignments including customer contact and quality control. Neither Mr. Bates nor Mr. O'Block applied or were interviewed for the combined position.

On September 12, 1983, Mr. Waites privately and individually informed the plaintiff, Mr. O'Block and Mr. Walz that their respective positions were being eliminated as part of the division-wide reduction in force. Victor O'Block was offered the combined position of Human Resource Manager and Administrative Assistant at his same salary and job grade or, alternatively, the opportunity to take a severance package with outplacement services. Mr. O'Block accepted the position. Timothy Walz was offered the opportunity to return to an advisor's position in the Furnace Department or take the severance plan. Mr. Walz accepted the advisor position at his same grade and salary level. Mr. Bates was advised of the reasons and scope for the reduction in the insulation division and that the severance placement service plan was available to him.

Thereafter, plaintiff was paid severance pay which resulted in his receiving his full salary through December 31, 1983. Plaintiff was also provided with air transportation to Niagra Falls to attend an outplacement seminar and was allowed to use the office, phone, stationary and clerical services at the New Carlisle facility in his job search during outplacement time and to bid

on job postings within the Carborundum system. Mr. Waites referred Mr. Bates to a position opening with the New York Life Insurance Company in South Bend and Mr. Bates was employed with them in December 1983.

On December 29, 1983, Marion Bates, Jr. filed a charge of race and age discrimination against Carborundum with the Equal Employment Opportunity Commission (EEOC). The charge only refers to the Human Resources position given to Mr. O'Block not the advisor's position in the Furnace Department offered to Mr. Walz. The EEOC found no reasonable cause to believe that the allegations in Mr. Bates charge were true and issued a right to sue letter.

In September 1983, Mr. Bates was a 42 year old black male. He had been employed by Carborundum for ten years, approximately two years at the New Carlisle facility and the remaining eight years in Hagerstown, Maryland. The plaintiff had a Master's degree in Management Science which is a specialization in business management. He was at the grade 13 level of Carborundum's grading system in September 1983. Carborundum's grading system is based on job description and salary range.

Mr. Bates had never served as an operations foreman in his ten years with Carborundum. Nor had he ever served in the position of advisor in the Furnace Department at the New Carlisle facility. Although he procured materials used in the Furnace Department and was aware of the operations in the Furnace Department, he did not know how to operate or maintain the machinery in the Furnace Department. Further, Mr. Bates felt he was overqualified for the position and wouldn't have pursued it if offered the opportunity.

Mr. Victor O'Block is a white male and was 40 years old in September 1983. He was a grade 13 or 14 and had been with Carborundum for six years, all at the New Carlisle facility. Mr. O'Block had a degree in Business Administration and a Masters in Business Administration in management

and marketing. When hired at Carborundum in June 1977, he had the position of Quality Control Manager which included responsibility for hiring, disciplinary action, grading jobs in the system and developing the quality work life system in the department. In September 1979, Mr. O'Block became Fabricated Product Manager at the New Carlisle facility. In that capacity, Mr. O'Block supervised 24 employees and had responsibilities that included production, training, accounting and safety.

Mr. Timothy Walz was a white male, 29 years of age in September 1983. He was employed by Carborundum in March 1973 as a furnace operator. In July 1974, he was promoted to shift advisor or foreman, a position he held for five years. Mr. Walz then was in process engineering for one year and then in plant engineering for three years. All ten years of his employment were at the New Carlisle facility. In September 1983, Mr. Walz was a grade 10. The change from plant engineering to Shift Advisor/Foreman in the Furnace Department was a lateral move at the same grade and salary level.

A.

*Age Discrimination under ADEA, 29 U.S.C. § 621 et seq.*

The ADEA makes it unlawful for an employer covered by the Act to discriminate against an employee because of his age. However, an employer does not violate the ADEA merely by discharging or taking other adverse action against an employee who falls within the protected category—the action by the employer must be taken *because of* age. *See, e.g., Parker v. Federal National Mortgage Ass'n,* 741 F.2d 975, 987 (7th Cir.1984).

The burden of proof formula set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) applies in cases under the ADEA. *Stumph v. Thomas & Skinner, Inc.,* 770 F.2d 93 (7th Cir.1985); *Mathews v. Allis-Chalmers,* 769 F.2d 1215 (7th Cir.1985); *Christensen v. Equitable Life Assurance Society of the United*

*States,* 767 F.2d 340 (7th Cir.1985); *Tice v. Lampart Yards, Inc.,* 761 F.2d 1210 (7th Cir.1985); *Trembath v. St. Regis Paper Co.,* 753 F.2d 603 (7th Cir.1985). Thus, a plaintiff has the initial burden of establishing a prima facie case of age discrimination. If he succeeds, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. Once the employer states a valid justification, the employee then has the burden of showing that the employer's justification was a mere pretext for age discrimination. *See, e.g., Mathews v. Allis-Chalmers, supra* at 1217; *Tice v. Lampart Yards, Inc., supra* at 1213. Generally in order to establish a prima facie case of age discrimination, a plaintiff must demonstrate that: (1) he was a member of the protected class (persons aged 40 to 70); (2) he was qualified for his position; (3) he was terminated; and (4) he was replaced in his position by a younger person. *See, e.g., Strumph v. Thomas & Skinner, Inc., supra* at 96; *Huhn v. Koehring Co.,* 718 F.2d 239, 243 (7th Cir.1983). However, this test is not inflexible and has been modified in reduction-in-force situations. In such situations, a plaintiff demonstrates a prima facie case by showing: (1) he was within the protected age group; (2) he was adversely affected; (3) he was qualified to assume another position at the time of the adverse employment action; and (4) circumstantial or direct evidence from which a factfinder might reasonably conclude that the employer intended to discriminate in making the employment decision in question. *Mathews v. Allis-Chalmers,* 769 F.2d at 1217; *see Stumph v. Thomas & Skinner, Inc., supra; Tice v. Lampart Yards, Inc., supra; Trembath v. St. Regis Paper Co., supra.*

In this case, Carborundum eliminated plaintiff's position as well as two other positions in a reduction-in-force situation. The plaintiff does not dispute that the business conditions dictated a need to cut back the salaried work force. Nor does this record indicate that plaintiff is claiming that Carborundum's decision with respect to what positions were to be eliminated was discriminatory. Rather, plaintiff's claim of age discrimination is based solely on Carborundum's decision to offer the Furnace Advisor's position to Tim Walz and the combined position of Human Resources Manager and Administrative Assistant to Victor O'Block rather than to him.

■ Mr. Bates has shown that he was a member of the protected class, being age 42 at the time of the employment decision, and that he was adversely affected. Further, viewing the evidence in the light most favorable to the plaintiff, it appears that one could reasonably conclude that he was qualified for the combined position of Human Resource Manager and Administrative Assistant. However, the evidence is not as strong with respect to the Furnace Advisor position. Mr. Bates stated in his deposition that he "ran the department and knew that the operation entailed" because his duties as Production Service Manager required him "to interact with different departments, to be aware of the processes that are instrumental in managing the department work and what was necessary." Mr. Bates further stated, however, that he did not know how to maintain or operate the machinery in the Furnace Department and that he "wouldn't go into the degree of not being able to put hands on the job." Even assuming that he has shown that he was qualified for the two positions at issue, the plaintiff has not presented any evidence from which this court could reasonably conclude that Carborundum intended to discriminate against plaintiff on the basis of age in deciding to offer the positions to Mr. O'Block and Mr. Walz.

Mr. Bates claims that discriminatory intent is evidenced by the fact that he was treated less favorably than similarly situated white employees. This "fact" does not provide any evidence of intent and the plaintiff has not provided any other evidence of intent. There are no statements or actions by company employees or officers with respect to "preferring younger employees." *Cf. Stumph v. Thomas & Skinner, Inc.,* 770 F.2d 93 (7th Cir.1985). In fact, Mr. O'Block was 40 years old at the

time of the employment decision which fact would certainly appear to imply lack of discriminatory intent with respect to age on the part of Carborundum. Accordingly, the plaintiff has failed to prove a prima facie case of age discrimination.

 Even assuming, however, that plaintiff has presented enough evidence to show a prima facie case, the defendants have articulated a legitimate, nondiscriminatory reason for the employment decision: Mr. O'Block and Mr. Walz were more qualified for the respective positions offered them. *See Christensen v. Equitable Life Assurance Society of the U.S.*, 767 F.2d 340 (7th Cir.1985). Thus, the burden shifted back to the plaintiff to show that the proffered reasons were merely a pretext for discrimination. The plaintiff claims that pretext has been shown by: (1) the way the positions were offered to Mr. Walz and Mr. O'Block; (2) the fact that he was "more qualified" for the respective positions; and (3) the fact that Carborundum did not follow company policy. The court finds these arguments totally without merit. The plaintiff has not shown any causal link between the offering of the positions and his age. The fact that Mr. Bates believes he was more qualified than Mr. O'Block and Mr. Walz for their respective positions does not show intent to discriminate nor present facts from which one could infer discriminatory intent. *See, e.g., Parker v. Federal National Mortgage Association*, 741 F.2d 975 (7th Cir.1984). Finally, Carborundum did not take applications or interview *anyone* for the two positions at issue. Mr. Bates was considered for the position of Human Resources Manager and Administrative Assistant. He was rejected because Carborundum found Mr. O'Block more qualified. Carborundum chose Mr. Walz for the Furnace Advisor position because he had performed that job before and Mr. Bates even stated he would not have accepted that job anyway. Accordingly, the plaintiff has failed to present any evidence that the proffered reasons were a pretext for discrimination and thus has simply failed to show that "but for" his age, he would have been offered the job of

Furnace Advisor or the combined position of Human Resources Manager and Administrative Assistant.

**B.**

*Race Discrimination under Title VII of Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.*

 The plaintiff maintains that this is a "disparate treatment" case under Title VII and maintains that he has shown that defendants have discriminated against him on the basis of his race by showing he was treated less favorably than white employees. The analysis of this claim is virtually the same as Mr. Bates' age discrimination claim. The shifting burdens announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) apply to this claim as well and the plaintiff has failed to carry his burden of showing that "but for" his race, he would have been offered the position of Furnace Advisor or the combined position of Human Resources Manager and Administrative Assistant.

The plaintiff has shown that he is black and that Mr. O'Block and Mr. Walz are white. However, Mr. Bates has not presented any evidence, direct or circumstantial that race was considered at all in making the employment decision at issue, much less that it was a determining or motivating factor. As noted above, the defendants have demonstrated a legitimate, nondiscriminatory reason for their decision. Mr. Bates has failed to present any evidence that shows or from which a reasonable inference can be drawn that the reasons were a pretext for purposeful race discrimination. Thus, defendants are entitled to summary judgment on this claim. *See Klein v. Trustees of Indiana University*, 766 F.2d 275 (7th Cir.1985).

**C.**

*Age and Race Discrimination under 42 U.S.C. § 1981*

 At first it should be noted that an age discrimination claim cannot be main-

tained under 42 U.S.C. § 1981. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir.1984) (§ 1981 protects against discrimination on basis of race or alienage); *Kodish v. United Air Lines, Inc.*, 628 F.2d 1301 (10th Cir.1980) (age discrimination claim not maintainable under § 1981). Further, plaintiff's claim of race discrimination under 42 U.S.C. § 1981 is subject to the same analysis as his claim under Title VII, *see Christensen v. Equitable Life Assurance Society Of The U.S.*, 767 F.2d 340 (7th Cir.1985). Accordingly, judgment must also be entered in favor of defendants on this claim.

For the foregoing reasons, defendants' Motion for Summary Judgment is GRANTED. This case is hereby DISMISSED with prejudice. SO ORDERED.