954 P.2d 65 (1998)
124 N.M. 633
1998-NMSC-002
Carol CATES as personal representative of the Estate of Cecil Cates, Plaintiff-Appellant,
v.
The REGENTS OF THE NEW MEXICO INSTITUTE OF MINING & TECHNOLOGY, and the New Mexico Institute of Mining & Technology, Defendants-Appellees.
No. 23900.
Supreme Court of New Mexico.
January 7, 1998.
*67 Stephen P. Eaton, Albuquerque, for Plaintiff-Appellant.
Timothy V. Flynn-O'Brien, Bryan & Flynn-O'Brien, P.A., Albuquerque, for Defendants-Appellees.

OPINION
SERNA, Justice.
Plaintiff Carol Cates, as personal representative of the estate of Cecil Cates, appeals the district court's grant of summary judgment in favor of the New Mexico Institute of Mining and Technology and the Regents of the New Mexico Institute of Mining and Technology (N.M.Tech). We affirm.

PROCEEDINGS
In 1994, Cates filed a claim against N.M. Tech with the New Mexico Human Rights Commission under the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -14 (1969, prior to 1995 amendment), after N.M. Tech terminated his employment. Cates alleged that he was unlawfully discriminated against in the employment layoff due to his age and religion. The Human Rights Commission, pursuant to its authority under Section 28-1-10, investigated Cates' claims and found that there was no probable cause supporting a charge of age or religious discrimination in his termination.
Cates appealed the decision of the Human Rights Commission to the District Court of Socorro County in accordance with Section 28-1-13(A) (allowing person aggrieved by order of the New Mexico Human Rights Commission to appeal to district court and obtain de novo review). In his appeal to district court, Cates pursued his age discrimination claim, but he did not pursue his religious discrimination claim. Subsequently, he amended his complaint, making an additional allegation that his termination was in breach of an implied employment contract.
*68 N.M. Tech filed a motion for summary judgment, which the district court granted without a hearing. In its order, the district court expressly incorporated a memorandum to the parties which set out its reasoning. However, this memorandum was not placed into the record proper. Upon finding this omission, this Court, on its own motion in accordance with Rule 12-209(C) NMRA 1997, supplemented the record proper by adding the omitted letter to the record.
Cates appealed the district court's disposition of both the age discrimination claim and the claim of breach of implied employment contract. This Court has jurisdiction of this appeal pursuant to Section 28-1-13(C) (providing direct appeal from district court to the Supreme Court in appeals from orders of the Human Rights Commission).[1]

FACTS AND PROCEDURAL BACKGROUND
Cates was employed by N.M. Tech, a state-supported institution, as a mechanic-leadman for ten years. He worked in the garage of the Energetic Materials Research and Testing Center (EMRTC). Cates helped train other mechanics, assigned mechanical repair jobs to the other mechanics, assisted the mechanics, maintained garage paperwork, and performed various mechanical repairs. In 1994, Cates and three other EMRTC garage employees were terminated from their employment with N.M. Tech as a result of a reduction in force. Cates, at age fifty-seven, was the oldest employee laid off, the other three laid-off employees were thirty-one, thirty-three, and thirty-seven years old. The reduction in force was due to economic necessity.
N.M. Tech retained two EMRTC garage employees, Albert Romero and Jim Laws. Cates does not challenge N.M. Tech's decision to retain Albert Romero, but only challenges N.M. Tech's retention of Jim Laws. Jim Laws was fifty-six at the time Cates was laid off, eleven months younger than Cates. Cates had worked at EMRTC since June 1984, and Laws had worked there since June 1985.
N.M. Tech periodically performs tests on Soviet tanks. The tests typically performed are known as live fire tests. In these tests, tanks are fired upon and then examined to discover the effects of the fired weapon on the tank. Laws performed the majority of the Soviet tank work assigned to the EMRTC garage. Cates worked as a general mechanic and helped run the garage, but did not work on Soviet tanks. N.M. Tech claims to have based the decision to retain Laws over Cates on the amount of work experience each had on Soviet tanks. Although Cates does not dispute that Laws had more experience working on Soviet tanks, Cates challenges N.M. Tech's decision because, Cates argues, he was a more qualified general mechanic than Laws. In support of his position, Cates cites to testimony tending to show that N.M. Tech did not engage in a significant amount of Soviet tank testing after the reduction in force.

DISCUSSION
Cates contends that summary judgment was improper on both his breach of an implied employment contract claim and his age discrimination claim. We disagree. Summary judgment under Rule 1-056 NMRA 1997 "is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Roth v. Thompson, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). On appeal, a reviewing court will consider the whole record for evidence that places a material fact at issue. Id. If there is no evidence that creates a reasonable doubt as to the existence of a genuine issue, summary judgment is appropriate. Koenig v. Perez, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986).

BREACH OF IMPLIED EMPLOYMENT CONTRACT CLAIM
[4] The parties agree that the termination of Cates and the other garage employees *69 occurred during a reduction in force prompted by economic necessity. N.M. Tech's employee handbook, which was issued to all employees, had a provision outlining the layoff policy, should a reduction in force become necessary. Cates claims that N.M. Tech's decision to terminate his employment violated the implied employment contract created by this employee handbook.
N.M. Tech concedes, for the purposes of summary judgment, that an implied employment contract was created by the employee handbook. The parties only dispute whether N.M. Tech breached the handbook's layoff policy.
The district court found that the terms of the employee handbook had been met. The reduction-in-force policy of N.M. Tech, as stated in the employee handbook, is as follows:
The selection of regular employees for lay-off or reduced hours shall be based on the employee's performance and the ability to perform the remaining work as judged by the organizational unit's supervisory staff. When performance and ability to perform the remaining work are judged to be relatively equal then the length of continuous regular service will be the deciding factor.
New Mexico Institute of Mining and Technology, Employee Handbook, § 7-1(II) (May 1994). Thus, the express terms of the reduction-in-force policy require that the supervisors of an organizational unit decide which employees meet the future labor needs of N.M. Tech.
The EMRTC supervisors, Rudolfo Correa and Lonnie House, chose to retain Laws over Cates and stated in their affidavits that they based their decision upon Laws' Soviet tank experience. The undisputed facts show that Cates had little to no experience working on Soviet tanks. According to the affidavits of Correa and House, Laws' experience on Soviet tanks gave him a greater ability to perform the anticipated future work of N.M. Tech.
Cates produced no evidence, through affidavits, depositions, or other documents, to dispute the affidavits of House and Correa. While Cates did argue in his memorandum in opposition to summary judgment that N.M. Tech did not engage in significant testing of Soviet tanks, Cates did not establish any facts to dispute N.M. Tech's claim that, at the time the termination decision was made, N.M. Tech anticipated that it would need a mechanic to repair Soviet tanks. The facts support the conclusion that, prior to making the termination decisions, N.M. Tech followed its reduction-in-force policy by having the EMRTC supervisory staff meet to judge the remaining work. Further, the undisputed facts show that the EMRTC supervisors anticipated Soviet tank work, and that this perceived future need compelled their termination decision. Thus, Cates raised no issue of material fact to support the conclusion that the N.M. Tech supervisors did not follow the reduction-in-force policy. Having found a valid reason for Cates' termination as set forth in the employee handbook, the trial court properly granted summary judgment on Cates' breach of implied employment contract claim. See Kestenbaum v. Pennzoil Co., 108 N.M. 20, 24-26, 766 P.2d 280, 284-86 (1988) (stating that implied employment contracts can be created through the representations of employers including the employers' handbooks or manuals).

AGE DISCRIMINATION CLAIM
The New Mexico Human Rights Act prohibits employment discrimination on the basis of age. NMSA 1978, § 28-1-7(A) (1987, prior to 1995 amendment). In Smith v. FDC Corp., 109 N.M. 514, 517-18, 787 P.2d 433, 436-37 (1990), we used the evidentiary methodology developed in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 1824-26, 36 L.Ed.2d 668 (1973), to provide guidance in interpreting the New Mexico Human Rights Act.[2] In Smith we *70 recognized that the McDonnell-Douglas test was a useful framework to employ in analyzing discrimination claims. Smith, 109 N.M. at 517, 787 P.2d at 436. We also recognized that the elements of the McDonnell-Douglas test, as delineated by Smith, are flexible enough to accommodate diverse cases. Cf. Smith, 109 N.M. at 518, 787 P.2d at 437, see also Martinez v. Yellow Freight Sys., Inc., 113 N.M. 366, 370 n. 8, 826 P.2d 962, 966 n. 8 (1992).
The McDonnell-Douglas/Smith methodology involves a shifting of burdens while proving a case of employment discrimination. Once a plaintiff establishes a prima facie case, the burden shifts to the employer to show a legitimate non-discriminatory reason for its decision. Smith, 109 N.M. at 518, 787 P.2d at 437; see also Jones v. Unisys Corp., 54 F.3d 624, 630 (10th Cir. 1995). If such reason is produced, the burden shifts to the plaintiff either to show direct evidence of age discrimination or to prove that defendant's reasons for dismissal were a pretext for age discrimination. Smith, 109 N.M. at 518, 787 P.2d at 437; see also Jones 54 F.3d at 630. Every age discrimination case does not require this procedure. It is a useful framework for age discrimination cases where direct evidence of age discrimination is lacking. Smith, 109 N.M. at 518, 787 P.2d at 437.

PRIMA FACIE CASE
Under the McDonnell-Douglas/Smith methodology, the plaintiff first must show a prima facie case of discrimination. A prima facie case is established when the plaintiff proves the following elements: (1) plaintiff is a member of the protected group, (2) plaintiff was qualified to continue in the position; (3) plaintiff's employment was terminated, and; (4) plaintiffs position was filled by someone not a member of the protected class. Smith, 109 N.M. at 518, 787 P.2d at 437; see also Martinez, 113 N.M. at 368, 826 P.2d at 964 (applying Smith and McDonnell-Douglas tests to claim of discrimination based on physical disability); Branson v. Price River Coal Co., 853 F.2d 768, 770 (10th Cir.1988) (applying test similar to McDonnell-Douglas to age discrimination claims under the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1994)).
A protected class in an age discrimination case is not defined under Section 28-1-7(A), nor has this Court addressed the issue. The protected age class under the federal Age Discrimination in Employment Act are persons who are 40 or older. 29 U.S.C. § 631(a)[3] States other than New Mexico that have age-discrimination statutes also have decided that 40 years old is the minimum threshold for the protected age class. See, e.g., Ark.Code Ann. § 21-3-202 (Michie 1996); Ind.Code Ann. § 22-9-2-2 (1997); Ohio Rev.Code Ann. § 4112.14 (Banks-Baldwin Supp.1997); Tenn.Code Ann. § 4-21-407(b) (Supp.1997); Kelly v. Bally's Grand Inc. 285 N.J.Super. 422, 667 A.2d 355, 359 (App.Div.1995) (quoting Waldron v. SL Indus., 849 F.Supp. 996, 1001 (D.N.J.1994)); Taylor v. Oakbourne Country Club, 663 So.2d 379, 383-84 (La.Ct.App. 1995). We hold that 40 years old marks the minimum age in the protected age class in cases of employment discrimination under the New Mexico Human Rights Act. In evaluating age discrimination cases, it is the age of the plaintiff, not the supposed replacement that makes class relevant.
In this case, both Cates and his alleged replacement are members of the protected class. At the termination, Cates was fifty-seven and Laws was fifty-six. However, the U.S. Supreme Court has held that the federal Age Discrimination in Employment Act (ADEA) prohibits discrimination on the basis of age and not class membership. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. *71 1307, 1310, 134 L.Ed.2d 433 (1996). "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he (or she) has lost out because of his [or her] age." Id. (emphasis added). However "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." Id.; See also Jones, 54 F.3d at 630 (10th Cir. 1995) (stating that fourth element in McDonnell-Douglas prima facie case, as applied to ADEA claim, is whether plaintiff was "replaced by a younger person.") Therefore, in cases where the plaintiff and the alleged replacement are close in age, the Court should "look not only to the actual age difference, but to the surrounding circumstances to determine if plaintiff has raised an inference of discrimination." Tozzi v. Union R.R., 722 F.Supp. 1236, 1240 (W.D.Pa.1989).
However, contrary to Cates' assertions, Laws did not replace Cates; rather, the undisputed facts show that the reduction in force eliminated Cates' position. In Branson v. Price River Coal Co., the McDonnell-Douglas methodology's fourth prima facie element was altered for reduction-in-force cases. Branson, 853 F.2d at 770; Jones 54 F.3d at 630. It is difficult to prove that a worker was actually replaced by a younger employee in a reduction-in-force situation because a reduction in force necessitates that positions are eliminated. Branson addresses this problem by amending the fourth factor of the McDonnell-Douglas prima facie test, and allowing the plaintiff to establish through direct or circumstantial evidence that the plaintiff was treated less favorably than younger employees. Branson, 853 F.2d at 771. We agree with the Branson court that an age-discrimination plaintiff in a reduction-in-force case may satisfy the fourth factor of the McDonnell Douglas test by submitting evidence that plaintiff was treated less favorably than younger employees.
The parties agree that Cates satisfied the first three elements of the prima facie case of age discrimination. The only problematic element is the fourth, which questions whether Cates was treated less favorably than younger employees during the reduction in force. Cates presented neither direct nor circumstantial evidence that he was treated less favorably than younger employees. The evidence showed that three younger employees were terminated along with Cates. Without additional evidence of discrimination, N.M. Tech retaining Laws during the reduction in force does not raise an inference of unfavorable treatment of Cates sufficient to meet the requirements of the prima facie case. Eleven months, while technically making Laws younger than Cates, is not a sufficient age difference to produce an inference of age discrimination. See, e.g., O'Connor, 517 U.S. at 312, 116 S.Ct. at 1310 (noting that a more reliable indicator of age discrimination is that a replacement is substantially younger than plaintiff); Bates v. Carborundum Co., 623 F.Supp. 613, 618-19 (N.D.Ind.1985) (fact that employee retained in a reduction in force was two years younger than plaintiff was evidence of employer's lack of discriminatory intent).

EMPLOYER'S LEGITIMATE NON-DISCRIMINATORY REASON
In this case, N.M. Tech produced a legitimate non-discriminatory reason for Cates' dismissal. N.M. Tech asserted, and the district court agreed, that Soviet tank work was an anticipated future function of the reduced EMRTC garage. The district court also found that Cates was a skilled mechanic with a good reputation. However, the undisputed facts showed that Cates lacked experience working on Soviet tanks, while Laws possessed this experience. N.M. Tech asserts that the different experience level between the two was the reason that Cates' supervisors chose Laws over Cates, and he did not bring forth evidence to dispute this reasoning. Tank experience was found by the district court to be a legitimate non-discriminatory reason not to retain Cates. Therefore, under the McDonnell-Douglas/Smith analysis, the burden shifted to Cates to produce direct evidence of age discrimination, or to prove that N.M. Tech's reason for termination of Cates, rather than *72 Laws, was pretextual. Cates failed to meet this burden.
The record contains no direct evidence of age discrimination or that N-M. Tech's decision to dismiss Cates was pretextual. There was no evidence to prove that Cates was treated less favorably than younger employees. At the age of fifty-seven, Cates was the oldest terminated employee of the EMRTC garage. However, the remaining three employees laid off at the same time were the ages of thirty-one, thirty-three, and thirty-seven.
To avoid summary judgment a party opposing the motion should produce specific evidentiary facts that demonstrate a need for a trial on the merits. Roth, 113 N.M. at 335, 825 P.2d at 1245 (1992). In order to proceed to a trial on the merits, Cates had to present some evidence of a discriminatory reason for N.M. Tech's not retaining him. Cates did not offer such evidence. Cates' mere conjecture that N.M. Tech's explanation is a pretext for intentional age discrimination is an insufficient basis for denial of summary judgment. See, e.g., Branson, 853 F.2d at 772 (affirming summary judgment in which plaintiff presented no evidence showing decision to eliminate her job was motivated by age discrimination and where plaintiff admitted she would have required minimal training to assume positions retained by younger employees).
Cates has put forth no facts to suggest that N.M. Tech's decision was motivated by any reason contrary to public policy. Cates merely asserts that he was a better general mechanic than Laws, and that he had more experience as a general mechanic. However, N.M. Tech claims it was not looking for a general mechanic. The undisputed facts show that N.M. Tech believed it needed to retain a mechanic with skill in repairing Soviet tanks to meet anticipated work requirements. Cates did not possess the skills needed by N.M. Tech. Cates did not produce direct evidence of discrimination, nor did he produce evidence that showed N.M. Tech's reasons for dismissing him were pretextual.
Cates did not produce evidence, circumstantial or direct, that a factfinder might reasonably use to conclude that N.M. Tech intended to discriminate in reaching its mechanic-retention decision. Thus, the district court properly granted summary judgment for N.M. Tech on Cates' claim under the New Mexico Human Rights Act.

CONCLUSION
From the facts in the record below, the district court properly found that N.M. Tech followed the procedure found in its employee manual for a reduction in force and that Cates failed to establish a cause of action for age discrimination. Because all material facts are undisputed, and no triable issue of fact exists, we affirm the district court's granting of summary judgment on the issues of breach of implied employment contract and age discrimination.
IT IS SO ORDERED.
FRANCHINI, C.J., BACA, J., and RICHARD C. BOSSON, Judge, New Mexico Court of Appeals (sitting by designation), concur.
NOTES
[1] Justice Minzner heard oral argument but thereafter recused from further participation upon discovering a conflict.
[2] Our reliance on methodology developed by federal courts should not be interpreted as an indication that we have adopted federal laws. Smith, 109 N.M. at 517, 787 P.2d at 436. Our analysis of this claim is based on a New Mexico statute, and our Court's interpretation of the New Mexico Legislature's intent. Id. "We cite federal cases only to the extent that we find them instructive and not as binding precedent." Lowery v. Atterbury, 113 N.M. 71, 74 n. 2, 823 P.2d 313, 316 n. 2 (1992).
[3] In O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996), the United States Supreme Court found that the language in 29 U.S.C. § 623(a)(1) "does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older."