This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39553

**VINCENT P. CHAPA, RAY CASALDUC, and GORDON A. FOSTER,**

Plaintiffs-Appellants,

v.

**BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, RUDY MORA, and MANUEL GONZALES III,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Francis J. Mathew, District Court Judge**

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
James A Montalbano
Albuquerque, NM

for Appellants

Kennedy, Moulton & Wells, P.C.
Deborah D. Wells
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendants Board of Commissioners of Bernalillo County, Rudy Mora, and Manuel Gonzales III (collectively, Defendants) rehired as school resource officers

Plaintiffs Vincent Chapa, Ray Casalduc, and Gordon Foster (collectively, Plaintiffs), who were retired law enforcement officers. These rehires were based on agreements between Defendants and the Bernalillo County Deputy Sheriff's Association (the Association).[1] The Association later withdrew its agreement to the rehire arrangement, and Defendants reassigned Plaintiffs to different, lower-paying positions. Plaintiffs brought discrimination and retaliation claims against Defendants under the New Mexico Human Rights Act (NMHRA), NMSA 1978, §§ 28-1-1 to -15 (1969, as amended through 2023), and the New Mexico Whistleblower Protection Act (NMWPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). The district court granted summary judgment in Defendants' favor, Plaintiffs appeal, and we affirm.

**{2}**     Because this is a memorandum opinion and the parties are familiar with the background of this case, we discuss pertinent facts and procedural history as needed within our analysis.

## DISCUSSION

**{3}**     "Summary judgment under Rule 1-056 NMRA . . . is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Cates v. Regents of N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65 (internal quotation marks and citation omitted). Plaintiffs argue that Defendants (1) discriminated based on age and engaged in retaliation contrary to the NMHRA; and (2) violated the NMWPA.[2] We begin with Plaintiffs' NMHRA arguments.

## I.     The District Court Properly Dismissed the NMHRA Claims

**{4}**     The NMHRA prohibits employment discrimination on the basis of age, Section 28-1-7(A), and retaliation against an employee who has opposed any unlawful discriminatory practice, Section 28-1-7(I)(2). Our Supreme Court has recognized that the "evidentiary methodology developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 . . . (1973), [could] provide guidance in interpreting the [NMHRA]." *Cates*, 1998-NMSC-002, ¶ 15; *see Smith v. FDC Corp.*, 1990-NMSC-020, ¶¶ 8-10, 109 N.M. 514, 787 P.2d 433. Our purpose when applying the *McDonnell Douglas* test "is to allow discriminated-against plaintiffs, in the *absence* of direct proof of discrimination, to demonstrate an employer's discriminatory motives." *See Smith*, 1990-NMSC-020, ¶ 11. If, however, "direct evidence" of intentional discrimination exists, "the entire *McDonnell Douglas* framework may be bypassed." *Id.* Plaintiffs argue that the agreements between Defendants and the Association are direct evidence of intentional age discrimination and in the alternative, that other evidence, under the *McDonnell Douglas* framework, established Defendants' discriminatory motive. Plaintiffs additionally assert that they also sufficiently established a retaliation claim under the *McDonnell Douglas* framework.

---

[1]According to the undisputed facts on summary judgment, the Association "is the exclusive bargaining representative for collective bargaining of all employees in the appropriate bargaining unit as determined by the Bernalillo County Labor Relations Board."

[2]Because we affirm the district court's grant of summary judgment on other grounds, we need not address the parties' arguments about the exhaustion of administrative remedies.

We first consider Plaintiffs' argument regarding direct evidence of discrimination and then turn to the *McDonnell Douglas* framework.

## A.     The Agreements Do Not Provide Direct Evidence of Discriminatory Motive for the Age Discrimination Claim

**{5}**     Plaintiffs contend that direct evidence of discriminatory intent lies in the agreements between Defendants and the Association. We therefore begin our whole record review with the text and circumstances of the agreements. *Cates*, 1998-NMSC-002, ¶ 9 ("On appeal, a reviewing court will consider the whole record for evidence that places a material fact at issue.").

**{6}**     The 2006-2009 collective bargaining agreement between Defendants and the Association only permits Defendants to rehire a terminated employee if that employee was terminated while in good standing and if the rehire was within ninety days of the last day of service with Defendants. In 2008, the Bernalillo County Sheriff's Department (the Department) and the Association entered a statement of understanding (SOU), which permitted the Department to rehire retired employees who had been separated from the Department for more than ninety days, provided that, among other restrictions, the rehired retired employees were (1) rehired as temporary employees, (2) subject to dismissal at any time and for any reason, (3) not eligible for Association membership or representation, and (4) not eligible for promotions above a certain rank. Subsequently, Defendants and the Association agreed in a memorandum of understanding (MOU) that retired rehired deputies could work as school resource officers for the 2009-2010 school year—and in future years, unless the Association provided the Department with written notice that the Association no longer consented "to the future application" of the MOU. If the Association provided the notice to the Department, "those positions filled by [retired] employees hired as [school resource officers] shall be vacated." In March 2018, the Association provided written notice that it withdrew its consent to the future application of the MOU and that school resource officer positions would be filled with Association deputies as of June 1, 2018.

**{7}**     Plaintiffs maintain that the SOU and the MOU discriminated on the basis of age because according to Plaintiffs, "younger officers with the same job title" are subject to less onerous conditions of employment under those agreements than "Retired Deputy Rehires." We disagree. On their face, the SOU and MOU relate solely to retired deputy rehires, with no reference to age. Direct evidence is "explicit and requires no inferences to establish the proposition or conclusion being asserted." *Romero v. Phillip Morris Inc.*, 2010-NMSC-035, ¶ 13, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted). Without inference, the agreements do not explicitly show discrimination that is based on age. Plaintiffs point to provisions in the agreements that they argue are unfavorable for retired rehired school resource officers. But Plaintiffs do not explicitly demonstrate that the agreements treat retired rehired school resource officers differently than nonretired school resource officers based on age. The agreements therefore do not provide the "direct evidence of discrimination"

that Plaintiffs assert. As a result, we examine Plaintiffs' claims for age discrimination and retaliation under the *McDonnell Douglas* framework.

## B.     The District Court Applied the *McDonnell Douglas* Framework Appropriately

**{8}**     When asserting NMHRA claims of discrimination or retaliation under the *McDonnell Douglas* framework, the employee bears the initial burden of demonstrating a prima facie case, after which the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 9, 139 N.M. 12, 127 P.3d 548. Should the employer show a legitimate business reason for the adverse employment action, the employee then has the burden to establish that the employer's proffered justifications are merely pretext or inadequate. *Id.* Applying this analysis, we conclude that (1) Plaintiffs established a prima facie case for age discrimination but did not rebut Defendants' proffered legitimate business reason; and (2) Plaintiffs did not establish a prima facie case for retaliation.

**{9}**     We observe that Plaintiffs also attempted to show that the retired rehired policies had a disparate impact on persons in a protected class—those over forty. *See Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 30, 129 N.M. 586, 11 P.3d 550 (explaining that in some cases, rather than showing discriminatory intent, a plaintiff may demonstrate that "an apparently neutral employment policy has a discriminatory effect"). As evidence of disparate impact, Plaintiffs offered their own ages—all over fifty— compared to the ages of their replacements—in their thirties and forties. But this evidence, without any information about the entire group impacted by the retired rehired policies, does not satisfy the requirement that Plaintiffs "offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Id.* (internal quotation marks and citation omitted). We therefore decline to further consider disparate impact and proceed with the *McDonnell Douglas* framework.

**{10}**     Assuming, as the district court appears to have done, that Plaintiffs established a prima facie case for age discrimination, the burden shifted to Defendants to establish a legitimate business reason for the decision. *See Juneau*, 2006-NMSC-002, ¶ 9 (describing the shifting burdens under the *McDonnell Douglas* test). To rebut the presumption of discrimination, Defendants rely on the district court's articulation of the legitimate business reason to transfer Plaintiffs: that the Association withdrew the MOU, and Defendants would have been subject to legal action if they had not transferred Plaintiffs out of the school resource officer positions. To refute Defendant's assertion, Plaintiffs contend that the SOU and MOU are illegal and therefore cannot be a "*legitimate* business reason." Plaintiffs explain that the SOU and MOU

> required the County, initially, to hire retired employees (almost by
> definition older employees) at less advantageous terms and conditions of

employment as their younger co-workers. Then, when the [Association] revoked the MOU, Defendants terminated Plaintiffs' positions (but not the positions of their younger co-workers in the same precise classification) *because* of their status as retired rehires.

Plaintiffs point us to complaints they made about different treatment but not to evidence that demonstrates what the different treatment was. Plaintiffs do not explain why the agreements are "illegal" or why the distinction between employees that have elected to retire and those who have not is indicative of discrimination based on age rather than employment status. Plaintiffs' burden was to produce specific evidentiary facts to demonstrate a discriminatory reason for transferring Plaintiffs out of the school resource officer positions. *See Cates* 1998-NMSC-002, ¶ 24. Because Plaintiffs did not do so, the district court properly granted summary judgment for Defendants for age discrimination under the NMHRA. *See id.* ¶ 26.

**{11}**     Plaintiffs next argue that they established a prima facie case for retaliation under the NMHRA, which includes showing a causal connection between an adverse employment action and a protected activity. *See* § 28-1-7(I)(2); *Juneau*, 2006-NMSC-002, ¶¶ 11-12 (setting forth the test to establish a prima facie case for retaliation). Specifically, Plaintiffs construct the retaliation claim as follows: after their "decades-long struggle against [Defendants'] unlawful age discrimination," Plaintiffs attempted to join a labor organization other than the Association, and as a result of the attempted union membership, Defendants demoted or transferred them. We are unpersuaded. The NMHRA prohibits retaliation against people who "opposed any unlawful discriminatory practice" or who "filed a complaint, testified or participated in any proceeding under the [NMHRA]." Section 28-1-7(I)(2). Thus, a "protected activity" under the NMHRA involves participation in an NMHRA proceeding or opposition to unlawful discriminatory practices as they are defined by the NMHRA. *See Juneau*, 2006-NMSC-002, ¶ 11. Plaintiffs cite no authority to support their position that their attempts to join a different labor organization are a protected activity under the NMHRA. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *cf.* § 28-1-7 (identifying prohibited acts, including discrimination based on age but not discrimination based on membership in labor organizations); § 28-1-2(N) (tying acts prohibited by Section 28-1-7 to "unlawful discriminatory practices"). The district court therefore properly granted summary judgment on the NMHRA retaliation claims.

## II.     The District Court Properly Granted Summary Judgment on Plaintiffs' NMWPA Claim

**{12}**     The NMWPA was enacted "to encourage employees to report illegal practices without fear of reprisal by their employers," *Janet v. Marshall*, 2013-NMCA-037, ¶ 21, 296 P.3d 1253 (internal quotation marks and citation omitted), by prohibiting public employers from taking any "adverse employment action" against employees in retaliation for "communicat[ing] to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes

an unlawful or improper act," Section 10-16C-3(A); *see also* § 10-16C-2(D) (defining a retaliatory action as including an adverse employment action). Plaintiffs contend that if Defendants "took any 'adverse employment action' against Plaintiffs because they 'communicate[d] to the public employer or a third party' matters which they reasonably believed based on the facts available to them violated state or federal law, it violates the [NM]WPA."

**{13}** Similar to their NMHRA retaliation claims, for the NMWPA Plaintiffs assert that they suffered adverse employment actions resulting from their contact with another labor organization as well as their internal complaints about discriminatory treatment. On appeal, however, Plaintiffs point to no evidence to establish that *Defendants* took an adverse employment action as a result of Plaintiffs reporting discriminatory treatment to a supervisor or to another labor organization. The evidence could create an issue of fact that *the Association* retaliated when it withdrew its consent to the MOU based on Plaintiffs' complaints to another labor organization, and as a result of *the Association's* retaliation, Defendants were required by contract to vacate the retired rehired officers from the school resource officer positions. But evidence of the Association's actions falls short of establishing, without more, that *Defendants* took an adverse employment action because Plaintiffs reported age discrimination to either a supervisor or another labor organization. *See* § 10-16C-3.

**{14}** Defendants made a prima facie showing of entitlement to summary judgment by introducing evidence that Plaintiffs were transferred, not for any alleged whistleblowing activity, but due to the MOU's requirements. Consequently, Plaintiffs were required to demonstrate the existence of specific evidentiary facts that would require trial on the merits. *See Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443. Plaintiffs did not do so, and as a result, summary judgment was properly granted.

**CONCLUSION**

**{15}** We affirm.

**{16}   IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**