497 P.2d 970

**Harold L. TURNER et al., Complainants-Appellants,**

**v.**

**Charles E. BARNHART et al., Respondents-Appellees,**

**New Mexico Citizens for Fluoridation, Intervenors.**

**No. 9367.**

Supreme Court of New Mexico.

June 2, 1972.

**760**

Patrick Chowning, Albuquerque, for appellants.

Harley A. Lanning, Asst. City Atty., Albuquerque, for appellees.

### OPINION

McMANUS, Justice.

This action was brought in the Bernalillo County District Court and involved a complaint asking for declaratory judgment and for an injunction enjoining the City of Albuquerque from proceeding to place fluoride in the water supply. The court granted summary judgment for the defendants, denying any relief to the plaintiffs who perfected this appeal.

An ordinance of the City of Albuquerque, New Mexico, was adopted by the voters of that City on the 3rd day of November 1970. The question on which the voters cast their opinions read as follows:

"Shall the proposed ordinance requiring fluoridation of the City water supply be adopted?"

Below the question were levers labeled "For" and "Against" for the choice of the voters.

The first point appellants raise is that the court should not have granted summary judgment in favor of the defendant since the issues involved were genuine and material issues of fact. In open court, at the trial, we relate the following questions and answers:

"MR. O'BRIEN: May I make a suggestion?

"THE COURT: Now, if you can tell me, if you now take the position that people who voted in this case had no right to vote or people who did not vote and had a right to vote will change the result of the election, maybe we can go into it, but I understand your position—

"MR. O'BRIEN: I can't make any such claim.

"THE COURT: You don't take that position?

"MR. O'BRIEN: No, your Honor, I can't. It could be so but I can't prove it.

"THE COURT: Now, I still don't know what questions of fact you want to take any depositions on.

"MR. O'BRIEN: The suggestion I was going to make to you, what I would like to do, is when I'm drawing this brief on the law to study it out and if I have no objection to points of fact, I'll say so right in my brief.

"THE COURT: Now, I know you have a lot of objections to questions of law, but they're questions of law and you can answer that in your brief, period, and that's it.

"MR. O'BRIEN: Let me put it this way. When we come in on the brief and discuss that at that time—

"THE COURT: Now, I don't know that I'm going to need any further hearing after I get your brief. If I want another

hearing, I will let you know; otherwise, I won't.

"MR. O'BRIEN: The suggestion I was going to make is this, if at that time I'll find a question of fact I'll call it to the attention of the Court.

"THE COURT: Right. Now, you don't know:

"MR. O'BRIEN: Yes. Correct."

■ The hearing terminated forthwith and no logical or legitimate questions of fact were presented to the court. Questions of fact were alleged for the first time on appeal by the appellants without benefit of presentation to the trial court. Inasmuch as the original attorney, Mr. O'Brien, passed away during the proceedings, there was an adequate period of time during which the plaintiffs could have placed before the trial court any factual issues. Appellants complain that the facsimile signature of the Albuquerque City Clerk was fatal to the cause of the City of Albuquerque. This issue was never raised in the court below and cannot now be raised here for the first time. See Rule 20(1), Supreme Court Rules, § 21–2–1 (20), N.M.S.A.1953 Comp. (Repl. Vol. 3, 1968). There has been no showing by appellants that there were further fact questions subject to the decision of the trial Court. See Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415 (1969). Therein it was stated:

"Mere argument or contention of existence of material issue of fact, as in the instant case, does not make it so. Wisehart v. Mountain States Telephone and Telegraph Co., 80 N.M. 251, 453 P.2d 771 (Ct.App.1969). The party opposing a motion for summary judgment cannot defeat the motion and require a trial by the bare contention that an issue of fact exists, but must show that evidence is available which would justify a trial of the issue. Aktiengesellschaft, Etc. v. Lawrence Walker Cotton Co., 60 N.M. 154, 288 P.2d 691 (1955); see Felt [for Use of United States] v. Ronson Art Metal Works, 107 F.Supp. 84 (D.C.Minn. 1952); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1235 at 141. Appellant failed in this important aspect."

■ Appellants' Point II concerning the holding of a general election at the same time as a municipal election will not be considered because this point was not included in the praecipe as one of the points that the appellant intended to rely on for appeal. Rule 12(1), Supreme Court Rules [§ 21–2–1(12) (1), N.M.S.A.1953 (Repl. Vol. 4, 1968)], reads as follows:

"If the appellant or plaintiff in error does not specify or designate for inclusion in the transcript the complete record and all the proceedings and evidence in the cause, he shall include in his praecipe a concise statement of the points on which he intends to rely, * * *.

" * * *

"The review shall be *limited* to the points as stated, and such statement of points may be amended only in furtherance of justice and on terms and on special leave of the district court before the filing of the transcript and of the Supreme Court thereafter." (Emphasis supplied.)

See, also, City of Hobbs v. Chesport, Ltd., 76 N.M. 609, 417 P.2d 210 (1966); Robinson v. Black, 73 N.M. 116, 385 P.2d 971 (1963).

■ In their Point III, appellants claim error in that the full text of the ordinance was not placed on the ballot. In that regard, there are some points we will have to make clear. The major one is the language from § 14–13–18(B), N.M.S.A. 1953 (Repl. Vol. 3, 1968), which the appellants quote in their brief. This statute refers to initiative measures which are measures promulgated by the people with amendment by the commission and voted on by the people. This election involved a referendum measure which is an ordinance passed by the commission and voted on by the people. The controlling statutory sec-

tion is § 14–13–17(B), N.M.S.A.1953 (Repl. Vol. 3, 1968), which states:

"The ballot shall contain the text of the ordinance or resolution in question."

The appellants argue that text means the entire ordinance and failure to print the entire ordinance on the ballot amounts to an irregularity in the election that is substantial enough to void the election. The general rule toward election irregularities is:

"Provisions reserving to the people the power of initiative and referendum are to be given a liberal construction to effectuate the policy thereby adopted." City Commission of Albuquerque v. State, 75 N.M. 438, 405 P.2d 924 (1965).

In the City of Fargo v. Sathre, 76 N.D. 341, 36 N.W.2d 39 (1949), the North Dakota court, quoting from a very old Indiana case, stated:

"'All provisions of the election law are mandatory, if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void. [Jones v. State, 153 Ind. 440, 55 N.E. 229, 233].'

"* * *

"The reason behind this rule is that the will of the people freely and intelligently expressed ought not to be defeated because of the mistake of an officer or of any technical fault."

New Mexico recognizes that technicalities need not disturb the results. See, in particular, State ex rel. Palmer v. Miller, 74 N.M. 129, 391 P.2d 416 (1964), where this Court stated:

"In addition, we accept as correct the statement that election laws should be liberally construed so as to accomplish their purpose and that technicalities should not be permitted to deprive voters of their franchise or render an election void."

See, also, Roberts v. Cleveland, 48 N.M. 226, 149 P.2d 120 (1944), wherein this Court said:

"* * * [T]he regulations imposed are not conditions upon compliance with which the right comes into being, but are regulations intended merely to regulate the exercise of the right in an orderly way."

Roberts, supra, involved candidates and filing petitions and party affiliations but there is no reason to say that the general rule does not still apply to the case before us. The voters in this case did speak on the issue of fluoridation and with the amount of publicity that attended the election on this issue we cannot justify holding the election void because of the so-called irregularities and thus circumventing the will of the voters involved.

This point is well stated in Truman v. Royer, 189 Cal.App.2d 240, 11 Cal.Rptr. 159 (1961):

"Inasmuch as the power of referendum is one reserved to the people, and in order to protect the people in the exercise of this power, statutory and charter provisions dealing with such powers are always liberally construed in favor of the power."

Not only does the law direct protection of the voter but our statutory language could be construed as requiring only a summary of the ordinance to be decided upon. Our statute states "the ballot shall contain the text" while most mandatory statutes state "full text." The court in Opinion of the Justices, 309 Mass. 555, 34 N.E.2d 431 (1941) said:

"The words 'full text,' as used in constitutional provisions, refer to the precise terms of a proposed measure and nothing more."

The use of the word "text" alone, under the circumstances of this case, does not

negate the fact that the voters were adequately protected, and we will not thwart the will of the people on the basis of a technicality.

Point IV, concerning the use of voting machines, and Point V, regarding the printing of the ballot in English and Spanish, were not included in the praecipe and we will not consider these points on this appeal. See Rule 12(1), Supreme Court Rules, supra; City of Hobbs v. Chesport, Ltd., supra.

The decision of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.