620 P.2d 1276
**Donald R. OSCHWALD, Petitioner,**

v.

**Clara CHRISTIE, Ray Stewart and Ralph Dennis, d/b/a Unique Builders Const. Co., a New Mexico partnership, and Harold Rogers and Margaret Ann Rogers, his wife, Respondents.**

**No. 13216.**

Supreme Court of New Mexico.

Dec. 12, 1980.

Anaya & Strumor, Robert M. Strumor, Santa Fe, for petitioner.

Eaves & Darling, Albuquerque, Yost, Barberousse & Yost, Bob Barberousse, Santa Fe, Civerolo, Hansen & Wolf, Kathleen Davison Lebeck, Albuquerque, for respondents.

## OPINION

PAYNE, Justice.

An action was filed for injury to Clara Christie due to the alleged negligent and improper construction of a residence. The trial court granted summary judgment in favor of Oschwald. The judgment was overturned by the Court of Appeals and Oschwald petitioned to this Court for a writ of certiorari. We reverse and reinstate the trial court's ruling granting summary judgment.

Because of problems in a newly constructed home Christie's daughter and son–in–law hired Oschwald, an architect, to inspect the home and indicate areas not in compliance with the contract's specifications. Oschwald was not employed until after the construction of the home was essentially completed. He was not the project architect and therefore had not designed or supervised the construction of the home.

Some time after Oschwald had completed his inspection of the home and made his recommendations, Christie was injured when she fell while descending stairs in the home. She filed suit against Oschwald claiming he had been negligent in the per-

formance of his duties as an architect. She also included as defendants the builders of the home. Oschwald filed a motion for summary judgment and a third party complaint against the homeowners. The trial court granted the summary judgment and dismissed the third party complaint.

In *Goodman v. Brock*, 83 N.M. 789, 792–93, 498 P.2d 676, 679–80 (1972), we set forth the respective burdens on the various parties in a summary judgment hearing as follows:

> Unquestionably the burden was on defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. (Citations omitted.) However, once defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment . . . . (Citations omitted.)

> . . . .

> The burden was on the plaintiff, as the party resisting the motion for summary judgment, to come forward and demonstrate that a genuine issue of fact requiring a trial did exist. This burden is contemplated and required by Rule 56(e) . . . .

*See also Smith Const. Co. v. Knights of Columbus, Coun.*, 86 N.M. 50, 519 P.2d 286 (1974). If Oschwald met his burden of establishing a prima facie case in favor of summary judgment, the burden then fell upon Christie to come forward and show that a genuine issue of material fact existed.

Oschwald made a prima facie showing that he was entitled to summary judgment and thereby satisfactorily met his burden. Oschwald, by deposition and affidavit, showed that he had agreed to "inspect the . . . residence and make a list of those items which, in my professional opinion are

deficient. I will also make reasonable recommendations for correction as to the cited deficiencies . . . ." He submitted a nine–page report to the homeowners, which pointed out, among other things, that the stairs did not conform to the contract plans. In addition, he measured the rise and run of each stair and called the Construction Industries Commission to make sure the stairs conformed to the Uniform Building Code. An inspector for General Construction also inspected the residence and measured the stairs and found each to be within the tolerance levels of the Uniform Building Code. It was also noted that the homeowners had added a thick carpeting and pad to the stairs which was not in the contract plans. The owners were told that it created a dangerous condition and its removal was suggested. Oschwald concluded that nothing in the construction of the stairs operated to create a dangerous condition in the residence. These facts were sufficient to shift the burden to Christie in opposing summary judgment and require her to show that a material issue of genuine fact did exist.

■ The party opposing summary judgment is favored procedurally. *See Fischer v. Mascarenas*, 93 N.M. 199, 598 P.2d 1159 (1979); *Shumate v. Hillis*, 80 N.M. 308, 454 P.2d 965 (1969). Although favored procedurally, that party cannot stand idly by and rely solely on the allegations contained in its complaint or upon mere argument or contention to defeat the motion of a prima facie showing has been made. *See Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). Summary judgment may be proper even though some disputed issues remain, if there are sufficient undisputed facts to support a judgment and the disputed facts relate to immaterial issues. *Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co.*, 77 N.M. 730, 427 P.2d 249 (1967). Finally, while summary judgment is not properly granted if there is an "issue of material fact", it will not be reversed on the basis of slight issues

of fact. *Goodman v. Brock, supra; Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973).

In this case Christie did not meet her burden of showing that a genuine issue of material fact did exist. She presented no affidavits or depositions in support of her position. To show negligence on the part of Oschwald she relied solely on the allegations of her complaint. While some inconsistencies appeared in the affidavits and depositions presented by Oschwald, they are not sufficient to defeat Oschwald's motion, even when viewed in the light most favorable to Christie.

We also hold that there was no abuse of discretion by the trial court in denying Christie's motion for a continuance so that she might take depositions.

For these reasons we reverse the Court of Appeals and direct that the summary judgment be reinstated.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, FEDERICI and FELTER, JJ., concur.