IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

CITIBANK SOUTH DAKOTA, N.A.,

Plaintiff-Appellee,

v.                                                                NO. 28,838

RICARDO S. GIRON,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Donald C. Schutte, District Judge

Farrell & Seldin
James J. Grubel
Albuquerque, NM

Darren Tallman
Albuquerque, NM

for Appellee

Ricardo S. Giron
Las Vegas, NM

Pro Se Appellant


**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff filed a complaint for money due alleging that Defendant owed it

$21,422.64 in credit card debt.  [RP 1-3]  The court granted summary judgment in

favor of Plaintiff [RP 451] and Defendant appeals. Our notice proposed to affirm. Defendant has responded with a timely memorandum in opposition. The memorandum does not address all of the issues raised in Defendant's docketing statement and addressed in our notice. Issues not addressed in the memorandum in opposition are deemed abandoned. *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). We have considered Defendant's remaining arguments, but we are not persuaded the analysis in our notice is incorrect. Accordingly, we affirm.

**DISCUSSION**

**A.     Standard of Review**

We apply the following standards in reviewing an order granting summary judgment. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on

2

the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A prima facie case may be established without affidavits if, through discovery, it appears that the party opposing summary judgment cannot factually establish an essential element of his or her case. *Blauwkamp v. Univ. of New Mexico Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App. 1992). Summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists. *Cates v. Regents of the N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65. A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

**B.    Prima Facie Case**

In support of the complaint, Plaintiff relied on an affidavit by Kris Dietz, a person employed by one of its subsidiaries. [RP 3, 228] Dietz asserted personal knowledge about Defendant's account—specifically that Defendant owed $21,422.64. Plaintiff relied on printouts of Defendant's credit card bills showing Defendant's name and address. [RP 229-414] Plaintiff relied on documentation showing that Defendant had made payments on the account. [RP 247, 256, 398] Defendant's signature was on at least one of the documents showing payment. [RP 398] Plaintiff

relied on a copy of the credit card agreement. [RP 403-12] Dietz claimed to have access to and knowledge of these documents. Finally, Plaintiff relied on demand letters mailed to Defendant. [RP 413-15]

We hold that the affidavit and other documentation submitted by Plaintiff establish that Defendant incurred credit card charges, was named on the account, and made payments on the account. They also establish the amount of the unpaid balance. We conclude that Plaintiff's evidence was sufficient to make a prima facie showing that Defendant owed Plaintiff money and that the burden then shifted to Defendant to demonstrate the existence of specific evidentiary facts which would require trial on the merits. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45.

Defendant never denied that he was the Ricardo Giron listed on the account, that the charges were incurred by him, or that the payments were made by him. Instead, he raised, and continues to raise, numerous legal contentions about why summary judgment should not have been granted.

He contends the court was without subject matter jurisdiction. [DS 5-11] We disagree. "A court has subject matter jurisdiction in an action if the case is within the general class of cases that the court has been empowered, by constitution or statute, to determine." *Marchman v. NCNB Texas Nat'l Bank,* 120 N.M. 74, 83, 898 P.2d 709, 718 (1995). The district court—as a court of general jurisdiction, *see* N.M.

4

Const. Art. VI, § 13—has subject matter jurisdiction to decide an action on contract involving money due. *See id.* (stating that the district court has jurisdiction over contract claims).

He also contends that the court was without personal jurisdiction. [DS 11] Defendant is a resident of Las Vegas, in San Miguel County, so there is personal jurisdiction.

Defendant filed an affidavit in response to Plaintiff's motion for summary judgment. [RP 443-44] Defendant argues that his affidavit is "unrebutted" [MIO 9] and that it presented an issue of credibility. [MIO 2-6] He argues that where credibility is involved, summary judgment is inappropriate. [MIO 4] He contends that his affidavit precludes summary judgment. While we agree with the general proposition that summary judgment is precluded where there are issues of credibility, we disagree that it applies here. Defendant's affidavit contains nothing more than denials that Plaintiff has any proof of the debt and consequently raises no issue of fact. *See Turner v. Barnhart,* 83 N.M. 759, 761, 497 P.2d 970, 972 (1972) (stating that the party opposing summary judgment cannot defeat the motion simply by relying on the bare contention that an issue of fact exists, but must show that evidence is available that would justify a trial on the issue). [RP 443-44] His affidavit asserts that he is "not in receipt" of any document showing that Plaintiff has standing to sue in New

Mexico; of any document verifying that he has a contract with Plaintiff; of any document verifying that Plaintiff can sue anywhere other than federal court; of any document verifying that he owes Plaintiff money; of any document verifying that Plaintiff authorized this action or is even aware of it. [RP 443-44] The mere fact that Defendant filed an affidavit in response to the motion for summary judgment, asserting that he has not been provided with any proof of the debt or proof related to standing and jurisdiction, does not *ipso facto* create a genuine issue for trial.

Defendant also included in his docketing statement an "affidavit." [DS 29-30] Absent a showing that this "affidavit" was filed below, we cannot consider it. *See Largo v. Atchison, Topeka & Santa Fe Ry. Co.*, 2002-NMCA-021, ¶ 33, 131 N.M. 621, 41 P.3d 347 (stating that materials not before the court when it granted summary judgment may not be considered for the first time on appeal). Even if we were to consider it, it consists of the same bare denials in the affidavit in the record [RP 443], augmented by arguments about Plaintiff's standing to sue, and personal jurisdiction. The latter arguments involve legal issues and, if they are legally insufficient, then they do not defeat summary judgment. *See Fidelity Nat'l Bank v. Tommy L. Goff, Inc.*, 92 N.M. 106, 108, 583 P.2d 470, 472 (1978). As we discuss subsequently, Plaintiff has standing to sue in New Mexico district court. And, as we have just discussed, personal jurisdiction exists. Accordingly, Defendant's legal defenses do not defeat

summary judgment.

Defendant argues that there is no competent fact witness, and that all Plaintiff presented was the statements of attorneys, which he contends are not facts. [MIO 6-8] We disagree. Plaintiff presented the Dietz affidavit and numerous documents showing the debt and the payments by Defendant on the account. It is not true that the case consists only of statements by attorneys.

Finally, Defendant argues that we are inappropriately "weighing evidence." [MIO 4] We disagree. We are instead concluding that, as a matter of law, nothing in Defendant's affidavit created a genuine issue of material fact.

**C.    Standing**

Defendant argues that Plaintiff has no standing to sue in a foreign jurisdiction, *i.e.*, New Mexico. [DS 11-13] We see no reason why Plaintiff, as a corporate bank, cannot bring suit in New Mexico against a New Mexico resident. Below, Defendant relied on the National Bank Act of 1863. Current law, however, provides that bank can sue in any court as fully as a natural person. *See* 12 U.S.C. § 24 (2008). Plaintiff argues that banks may only be sued where they are domiciled, [MIO 18] and therefore "it stands to reason that the bank may only sue in the same venue." [MIO 10] We disagree. Because the bank can sue in "any court as fully as a natural person," the bank may sue in New Mexico, where Defendant lives.

7

**D.     Plaintiff's Employment Contract With Attorneys**

Defendant argues that summary judgment should not have been granted because his request for admissions and a request for production of documents has not been answered. [DS 23] He specifically argues that he is entitled to information "whereby [attorneys for Plaintiff] can show that a contract between [the attorneys] and [Plaintiff] actually exists." [DS 23] In his memorandum, he continues to argue that the contract of employment between the bank and its attorneys is relevant. [MIO 14-17] We are not persuaded and hold that the employment contract between Plaintiff and its attorneys is not relevant to any issue in the case. *See* Rule 11-402 NMRA (stating that irrelevant evidence is inadmissible). Additionally, facts about the relationship between Plaintiff and its attorneys are immaterial, and would not defeat summary judgment. Defendant's questions about the relationship raise no genuine issue of material fact. *See Oschwald v. Christie*, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (1980) (stating that it is not enough that there are factual issues because issues must be material; immaterial facts create no triable issue).

**E.     Violation of Local Rule 4-304(D)**

Finally, Defendant argues that Plaintiff failed to comply with LR 4-304(D) NMRA when Plaintiff did not timely respond to Defendant's motion for summary judgment. [DS 31-32; MIO 21-23] That local rule provides that responses to motions

shall be filed within fifteen days or the party will be deemed to have consented to the motion. Defendant argues, therefore, that he was automatically entitled to have the court grant him summary judgment. [MIO 21-23] That is not the law. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶¶ 10-13, 134 N.M. 207, 75 P.3d 423 (holding that granting summary judgment and dismissing the case based on nonmoving party's failure to respond to the summary judgment motion was improper).

For all of these reasons, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**

9