This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITIMORTGAGE, INC.,**

    Plaintiff-Appellee,

v.                                **NO. 29,008**

**RICARDO S. GIRON,**

    Defendant-Appellant.

**Consolidated with:**

**RICARDO S. GIRON,**

    Plaintiff-Appellant,

v.

**CITIMORTGAGE, INC.,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**John M. Paternoster, District Judge**

Holland & Hart LLP
Larry J. Montano
Santa Fe, NM

Kristina E. Martinez

Santa Fe, NM

for Appellee

Ricardo S. Giron
Las Vegas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Ricardo S. Giron (Defendant) appeals from the order entering judgment on the pleadings in favor of Citimortgage, Inc. (Plaintiff). [RP 809, 904] Defendant also appeals from the district court's decision on Defendant's Rule 1-060(B)/Rule 1-059 NMRA motion. [Supp. RP 963, 981] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

The initial docketing statement raises issues that challenge the validity of the foreclosure judgment. [Ct. App. File, DS] The supplemental docketing statement raises issues that challenge the validity of the decision on the Rule 1-060(B) motion. [Ct. App. File, Supp. DS] Defendant's memorandum in opposition purports to raise

2

an additional legal issue that lacks merit under the circumstances of this case, as we will discuss in this opinion. Defendant asserts that the nature of this action is Plaintiff's suit for money damages, a legal action that should have been tried to a jury, and since this case was not tried to a jury, Defendant has been deprived of property in violation of the New Mexico Constitution. [MIO 3-24, 28, 33] Defendant also continues to generally challenge the validity of the Note and Mortgage [MIO 24-25]; Plaintiff's standing to sue Defendant [MIO 25]; the validity of the Goins affidavit as a basis for summary judgment [MIO 28]; and Defendant continues to express his disagreement with this Court's proposed summary affirmance as set forth in the calendar notice. We discuss Defendant's jury trial issue below in subsection C of this opinion. In the calendar notice, we addressed Defendant's continuing challenges to the validity of the Note and Mortgage, Plaintiff's standing to sue Defendant, the validity of the Goins affidavit as a basis for summary judgment, and the numerous other legal issues raised by Defendant in the docketing statement and the supplemental docketing statement. We are not persuaded by Defendant's memorandum that summary affirmance on these issues in incorrect or inappropriate under the circumstances of this case.

**A. Issues Relating to the District Court's Order Granting Plaintiff's Motion to Dismiss Defendant's Complaint**

With regard to the analysis in the calendar notice of Defendant's issues that he

3

raised in the docketing statement, Defendant's memorandum does not provide additional facts or authorities that would persuade us that the analysis of these issues was incorrect or inappropriate. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Thus, we rely on the calendar notice analysis in affirming Defendant's issues relating to the district court's order granting Plaintiff's motion to dismiss Defendant's complaint, as follows.

As we stated in the calendar notice, although Defendant raises seventeen issues in the docketing statement, they all relate to whether the district court erred in granting Citimortgage, Inc.'s (Plaintiff's) motion for summary judgment in this consolidated case. The consolidated case involves Plaintiff's suit to foreclose on a mortgage pursuant to Defendant's default under a promissory note and Defendant's suit to challenge Plaintiff's litigation conduct and the legal validity of Plaintiff's foreclosure action in general. [RP 461-464, 690] We hold that Plaintiff is entitled to judgment as a matter of law because (1) in response to Plaintiff's motion for summary judgment, Defendant failed to meet his burden to show that there were material issues of fact requiring a trial, and (2) Defendant failed to show that Plaintiff is not entitled to judgment, or that Defendant is entitled to judgment, based on the legal contentions Defendant made below and continues to raise on appeal. Accordingly, we affirm the

district court's judgment on the pleadings in favor of Plaintiff. [RP 809]

We apply the following standards in reviewing an order granting summary judgment. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law . . . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A prima facie case may be established without affidavits if, through discovery, it appears that the party opposing summary judgment cannot factually establish an essential element of his or her case. *Blauwkamp v. Univ. of New Mexico Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists. *Cates v. Regents of the N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65. A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a

5

party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

In the debt and foreclosure action, Plaintiff filed a motion for summary judgment on all claims made in its complaint against Defendant, the United States of America (IRS) and New Mexico Taxation and Revenue (NM Tax and Rev). [RP 352] The motion for summary judgment presented undisputed facts and supporting documentation, including the affidavit of Plaintiff's Legal Support Specialist Patty Goins. [RP 362, Exhibit 1] Ms. Goins' affidavit asserted personal knowledge of Plaintiff's contractual relationship with Defendant. [Id.] The affidavit states that Principal Residential Morgage, Inc. (PRM), a company now merged into Plaintiff, loaned Defendant $115,000 together with interest at the rate of 7.375% per annum until paid in full as evidenced by the promissory note executed by Defendant on January 5, 2000 (the Note). [RP 353, ¶ 1; Exhibit 1-A; RP 367] The Note is secured by a mortgage against the real property fully described therein, commonly known as 41 Mirasol Road or 41 Mira Sol Road, Las Vegas, New Mexico, also executed by Defendant on January 5, 2000 (the Mortgage). [RP 354, ¶¶ 2-4; Exhibit 1-B; RP 375] Under the Note and Mortgage, Defendant promised to pay principal and interest to the Note holder, now Plaintiff, under the terms of the Note or be "in default." [RP 354, ¶ 5] If Defendant is in default under the terms of the Note, Plaintiff may declare all

sums immediately due and it may foreclose on the Mortgage, as well as collect all expenses incurred in pursuing its remedies, including reasonable attorney fees and costs. [RP 354-55, ¶¶ 6-7] On January 1, 2005, PRM merged into Plaintiff, by which Plaintiff succeeded to PRM's interests including its rights in the Note and Mortgage. [RP 355, ¶ 8, Exhibit 1-C]

After Defendant executed the Note and Mortgage in 2000, he made payments to PRM and continued to make payments to Plaintiff for two years after the merger between PRM and Plaintiff in 2005. [RP 447] After making a payment in March 2007, however, Defendant defaulted on his obligation to make payments as provided in the Note and as demonstrated in a printout of Defendant's account history. [RP 355,¶ 9; Exhibits 1-D, 1-E] Plaintiff issued a default letter and a demand letter to Defendant, exercised its remedies to declare all sums due under the Note, and brought its complaint to foreclose on the Mortgage. [RP 355,¶¶ 10-12; Exhibits 1-F, 1-G]

We hold that Plaintiff's evidence was sufficient to make a prima facie showing that Defendant owed Plaintiff money under the Note as secured by the Mortgage, that Defendant is in default under the terms of the Note and Mortgage, and that Plaintiff is entitled to accelerate all sums due under the Note and exercise its remedy to foreclose on the real property secured by the Mortgage. Under the circumstances, the burden then shifted to Defendant to demonstrate the existence of specific evidentiary

facts that would require a trial on the merits. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45.

In his response, however, Defendant did not challenge the facts set forth in Plaintiff's motion. [RP 410-444] *See Turner v. Barnhart,* 83 N.M. 759, 761, 497 P.2d 970, 972 (1972) (stating that the party opposing summary judgment cannot defeat the motion simply by relying on the bare contention that an issue of fact exists, but must show that evidence is available that would justify a trial on the issue). Moreover, Defendant never denied that he is the Ricardo S. Giron who borrowed the money, executed the Note and Mortgage, and proceeded to make payments to PRM and Plaintiff until March 2007, when he defaulted on his obligations.

Instead, Defendant raised, and continues to raise on appeal, in the docketing statement, the supplemental docketing statement, and the memorandum in opposition, numerous meritless legal contentions about why summary judgment should not be granted. [DS, Supp. DS, MIO] In particular, contrary to Defendant's contentions, as a matter of law, the Note and Mortgage were properly before the district court as duly authenticated business records containing Defendant's initials and signatures; in addition, they are documents that were produced in discovery. [RP 448-49] *See* Rule 11-803(F) NMRA; *see also, e.g.*, *Miller & Assocs., Ltd. v. Rainwater,* 102 N.M. 170, 171, 692 P.2d 1319, 1320 (1985) (noting that summaries of business records are

8

admissible); *State ex rel. Elec. Supply Co., Inc. v. Kitchens Constr. Co.*, 106 N.M. 753, 756, 750 P.2d 114, 117 (1988) (holding that computer printouts are admissible as business records). In addition, contrary to Defendant's contentions, as the successor-in-interest to PRM, under the terms of the merger and applicable corporate law, Plaintiff is the holder of the Note and the Mortgage and the party entitled to enforce Defendant's obligations set forth therein. [RP 449-51] These contentions do not defeat Plaintiff's prima facie case for summary judgment.

After responding to the motion for summary judgment, Defendant filed numerous motions to dismiss as further legal challenges to Plaintiff's foreclosure action. Defendant claimed the district court lacked subject matter and in personam jurisdiction over the case. He claimed that he was entitled to sanctions and injunctive relief for the alleged misconduct, treason and fraud of Plaintiff's attorneys and the alleged corruption of the judicial system. [RP 499] Defendant argued against consolidation of the cases as an attempt to "rig" the case outcome and as an abrogation of his substantive due process rights. [RP 514] Defendant claimed that his procedural due process rights were violated by Plaintiff on the basis that he was not provided notice that PRM merged with Plaintiff and because Plaintiff had faxed many of its pleadings to the district court. [RP 587] Defendant filed a motion to recuse the district court judge on grounds of bias and prejudice. [RP 697] Defendant filed

motions challenging the foreclosure action for failure to produce the original promissory note. [RP 466, 635] He filed a "mandatory judicial notice" regarding Plaintiff's alleged status as a defunct corporation. [RP 674] Defendant filed a "mandatory judicial notice" regarding alleged alteration of the promissory note. Defendant filed a notice of Plaintiff's non-response to Defendant's motion for summary judgment, which Plaintiff denied. [RP 734, 803] Plaintiff fully responded to each of Defendant's challenges to the foreclosure action. [RP 461, 526, 528, 545, 549, 554, 558, 568, 578, 602, 624, 646, 700, 703, 741] For the reasons set forth in Plaintiff's responses, these motions do not defeat Plaintiff's prima facie case for summary judgment.

After several continuances, a hearing on all pending motions was held on July 22, 2008. [RP 809, first ¶] Defendant did not appear at the hearing. [Id.] After the hearing, however, Defendant filed an amended brief in opposition to Plaintiff's motion for summary judgment and to strike the Goins affidavit, largely raising the same legal objections to the foreclosure previously raised in the pre-hearing motions; Plaintiff responded. [RP 755, 803] Plaintiff then filed a notice of proposed order for judgment on the pleadings, and Defendant objected by a brief in opposition. [RP 783, 789] Upon consideration of all pleadings, exhibits, documents, and affidavits, including Defendant's post-hearing pleadings and objections on the merits, the district

10

court ruled, entering judgment on the pleadings in favor of Plaintiff. [RP 809]

Having reviewed the parties' pleadings, legal authorities, exhibits, documents, and affidavits, we hold that Defendant raises no issue of material fact requiring a trial. *See Barnhart,* 83 N.M. at 761, 497 P.2d at 972 (stating that the party opposing summary judgment cannot defeat the motion simply by relying on the bare contention that an issue of fact exists, but must show that evidence is available that would justify a trial on the issue). We also hold that Defendant's contentions involve legal issues that are legally insufficient and they therefore do not defeat summary judgment. *See Fidelity Nat'l Bank v. Tommy L. Goff, Inc.,* 92 N.M. 106, 108, 583 P.2d 470, 472 (1978).

To the extent Defendant continues to contend on appeal that the district court was without subject matter jurisdiction, we disagree. "A court has subject matter jurisdiction in an action if the case is within the general class of cases that the court has been empowered, by constitution or statute, to determine." *Marchman v. NCNB Texas Nat'l Bank*, 120 N.M. 74, 83, 898 P.2d 709, 718 (1995). We hold that the district court, as a court of general jurisdiction, *see* N.M. Const. art.VI, §13, has subject matter jurisdiction to decide an action to foreclose the Mortgage regarding Defendant's default under the Note. *See id.* (stating that the district court has jurisdiction over contract claims). To the extent Defendant is arguing that the

pleadings were insufficient to confer subject matter jurisdiction, we disagree. As discussed more fully above, we hold that the Goins affidavit and the accompanying documents and exhibits created an unrebutted prima facie case entitling Plaintiff to summary judgment, and they were sufficient to provide fair notice to Defendant. *See Schmitz v. Smentowski*, 109 N.M. 386, 389-90, 785 P.2d 726, 729-30 (1990) (stating that notice pleading requires fair notice of claims, and the grounds on which they are based, and does not require that every theory be described in the pleadings).

To the extent Defendant continues to contend that the district court was without personal jurisdiction, we remain unpersuaded. Defendant is a resident of Las Vegas, New Mexico in San Miguel County. The real property covered by the Mortgage is located in San Miguel County, New Mexico. Plaintiff is not a defunct corporation; it is the current holder of the Note and the Mortgage, and the party in interest entitled to enforce the remedies set forth thereunder. [RP 700] As the injured party under contractual agreements with Defendant, including the Note breached by Defendant, who is a resident of Las Vegas, New Mexico, and the Mortgage covering real property located in Las Vegas, New Mexico, Plaintiff has standing to sue and enforce its remedies under the Note and Mortgage in San Miguel County, New Mexico.

To the extent Defendant attacks the summary judgment procedure in this case, arguing that it cannot be based on the Goins affidavit and the exhibits attached thereto,

12

we disagree. The Goins affidavit and other documentation submitted by Plaintiff are valid to support Plaintiff's claim. As more fully discussed above, considered together, they establish that Plaintiff lent Defendant money upon the terms and conditions set forth in the Note that was executed by Defendant; the repayment of the Note is secured by the Mortgage that was executed by Defendant; Defendant is in default under the Note and Plaintiff is entitled to foreclose on the real property covered by the Mortgage. Defendant's issues in this regard raise no genuine issue of material fact. *See Oschwald v. Christie*, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (1980) (stating that it is not enough that there are factual issues because issues must be material; immaterial facts create no triable issue).

To the extent Defendant continues to argue that he was denied due process or that the district court judge was biased or prejudiced against Defendant, we are not persuaded. Due process requires that notice be reasonably calculated, under all the circumstances, to inform parties of the pendency of the action and afford them the opportunity to present their objections. *See Marinchek v. Paige*, 108 N.M. 349, 351-52, 772 P.2d 879, 881-82 (1989). Due process does not require that a party agree with the outcome or prevail on the merits of his or her claims.

Moreover, in this case, the record proper indicates that Defendant fully participated in the proceedings and the hearings. Defendant's claims and objections

13

were carefully considered in extensive and exhaustive pleadings, documents, and exhibits; hearings as applicable; and in written orders of the district court. As discussed above, Defendant's legal challenges to the foreclosure action were rejected in accordance with applicable law. *See, e.g.*, *State v. Case*, 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating that personal bias cannot be inferred from an adverse ruling); *see also, e.g.*, *Pizza Hut, Inc. v. Branch,* 89 N.M. 325, 327, 552 P.2d 227, 229 (Ct. App. 1976) (stating that "[district] courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). We cannot say that Defendant did not receive due process of law.

Because the record indicates that the district court judge fully considered Defendant's claims and gave him full opportunity to present them, Defendant has not persuaded us that the district court judge was actually biased or prejudiced against him, nor that the district judge was required to recuse himself. Additionally, any facts about the relationship between Plaintiff and its attorneys is immaterial, and would not defeat summary judgment in this action to foreclose on a mortgage. *Ochswald*, 95 N.M. at 253, 620 P.2d at 1278. Our review of the record indicates that the district court judge applied the applicable law to the facts of this case and ruled against Defendant on the merits in accordance therewith.

14

We affirm the district court's summary judgment in favor of Plaintiff.

**B.      Issues Raised in the Supplemental Docketing Statement Regarding the District Court's Decision on Defendant's Rule 1-060(B) Motion**

Defendant's memorandum does not provide this Court with additional facts or authorities that would persuade us that the analysis of these issues in the calendar notice was incorrect or inappropriate. *See Ibarra*, 116 N.M. at 489, 864 P.2d at 305. Accordingly, we affirm the district court on these issues based on the following analysis set forth in the calendar notice.

In the supplemental docketing statement, Defendant continues to contend that the district court lacked subject matter jurisdiction because Plaintiff is not the proper party to bring the lawsuit, Defendant does not owe this Plaintiff money, and this Plaintiff is a defunct corporation, and it is not the holder of the Note and Mortgage. [Supp. DS 2-4, 7-9] Defendant also continues to contend that Plaintiff's foreclosure action is flawed because the original Note and Mortgage were not attached to the foreclosure complaint. [Supp. DS 3-4] Defendant also challenges the district court's judgment as void based on allegations regarding the taking of the judicial oath and alleged judicial bias in favor of Plaintiff and its attorneys and prejudice against Defendant. [Supp. DS 6-7] Defendant cites many cases to the effect that a void judgment has no force or effect under the law. [Supp. DS 13-18] We note, however,

that these are the same legal challenges to Plaintiff's foreclosure action raised in the original docketing statement. As such, we disagree with Defendant's contentions, and we rely on the reasons fully discussed above.

We now turn to consider the remaining new issues set forth in the supplemental docketing statement, [Supp. DS 4-5, 12] which we consolidate as: whether the district court abused its discretion in denying Defendant's post-judgment Rule 1-060(B) motion to vacate a void judgment and for injunctive and declaratory relief. We affirm the district court's decision. [RP 963]

"We generally review the [district] court's ruling under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law." *Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295 (internal quotation marks and cited authority omitted). To reverse the district court under an abuse-of-discretion standard, "it must be shown that the court's ruling exceeds the bounds of all reason . . . or that the judicial action taken is arbitrary, fanciful, or unreasonable." *Id.* (quoting *Meiboom v. Watson*, 2000-NMSC-004, ¶ 29, 128 N.M. 536, 994 P.2d 1154 (alteration in original) (internal quotation marks)); *see Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993) ("When there exist reasons both supporting and detracting from a [district] court decision, there is no abuse of discretion."). "Where the court's discretion is fact-based, we must look at

the facts relied on by the [district] court as a basis for the exercise of its discretion, to determine if these facts are supported by substantial evidence." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 60, 134 N.M. 77, 73 P.3d 215 (internal quotation marks and citation omitted).

Defendant's Rule 1-060(B) motion alleges that the September 9, 2008, judgment on the pleadings in favor of Plaintiff is void because Defendant paid the Note and Mortgage in full on August 28, 2008. [RP 812, 827-845] Plaintiff's response, however, indicates that Plaintiff did not accept Defendant's tender because it did not include any escrow fees, costs, and attorney fees, set forth in the judgment and applicable in a "default" rather a "prepayment" situation. [RP 909-912, 913; RP 827, first ¶]

On remand, the district court determined in its decision [RP 963] that the amount Defendant tendered was the pre-default sum of the value of the Note owing to Plaintiff and "less than the total and correct, proven amount in controversy set forth in the judgment itself." [RP 964, fof 9-13] The district court concluded that the tender "does not constitute full, complete and lawful satisfaction of the outstanding post-default amounts owing to the plaintiff." [RP 965, col 6] Thus, the district court upheld the judgment as valid and enforceable until satisfied and it denied Defendant's motion. We agree. Plaintiff was not required to accept Defendant's partial tender as

an accord and satisfaction of the post-default amounts due and owing to Plaintiff under the Note and Mortgage, and we know of no authority that requires such an acceptance. Thus, we agree with the district court's decision.

Finally, Defendant contends this Court erred in requesting that the district court enter findings and conclusions in the order of limited remand. We know of no authority, however, that so provides, and in fact the opposite is well-established. *See, e.g.*, *Green v. Gen. Accident Ins. Co. of Am.*, 106 N.M. 523, 527, 746 P.2d 152, 156 (1987) (stating that "[w]here the ends of justice require, this Court may remand a case to district court for the making of proper findings of fact"). Moreover, because the district court entered findings and conclusions, to the extent they disagree with Defendant's post-decision proposed findings and conclusions [RP 970], these proposed findings and conclusions are deemed denied by the district court. *Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 22, 123 N.M. 60, 933 P.2d 859 ("When the [district] court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error."); *see Landskroner v. McClure*, 107 N.M. 773, 775, 765 P.2d 189, 191 (1988) (observing that failure of a trial court to make a finding of fact is regarded as a finding against the party seeking to establish the affirmative); *see also, e.g.*, *State v. Walker*, 1998-NMCA-117, ¶ 7, 125 N.M. 603, 964 P.2d 164 (observing that "when a [district] court makes specific written findings

of fact that are supported by substantial evidence, those findings prevail over any inconsistent conclusions of law or an inconsistent judgment").

**C.      Defendant's Memorandum in Opposition**

In his memorandum, Defendant asserts that the nature of this action is Plaintiff's suit for money damages, a legal action that should have been tried to a jury, and since this case was not tried to a jury, Defendant has been deprived of property in violation of the New Mexico Constitution. [MIO 3-24, 28, 33] Defendant's full and detailed discussion of this issue for the first time on appeal in the memorandum in opposition is in the nature of a motion to amend the docketing statement and the supplemental docketing statement with an issue that is nonviable. *See, e.g.*, *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (recognizing that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991) . It is well-established in New Mexico that "foreclosure suits are equitable in nature, . . . and New Mexico courts have not recognized a constitutional right to a jury trial on issues that are necessarily decided in the course of a foreclosure suit in state court such as the existence or the amount of the debt." *Las Campanas Ltd. Pshp. v. Pribble*, 1997-NMCA-055, ¶ 9, 123 N.M. 520, 943 P.2d 554 (citing *Sunwest Bank v. Garrett*, 113 N.M. 112, 115-16, 823

P.2d 912, 915-16 (1992)). Under the circumstances, Plaintiff's claims for money damages and Defendant's equitable and legal separate claims presented in these consolidated cases, were necessarily decided as part of Plaintiff's foreclosure action. Plaintiff could not foreclose on a mortgage and promissory note that were invalid, and similarly, any affirmative defenses and counterclaims Defendant asserted would necessarily be decided in the course of the foreclosure action. *See id.*

**CONCLUSION**

For all of these reasons, we affirm the district court's decision denying Defendant's Rule 1-060(B) motion and upholding the judgment on the pleadings in favor of Plaintiff.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**CELIA FOY CASTILLO, Judge**