This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CAPITOL ONE BANK (USA), N.A.,**

    Plaintiff-Appellee,

**v.**                                                                                      **No. 30,363**

**NORBERT A. SCHUELLER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Farrell & Seldin
James J. Grubel
Albuquerque, NM

for Appellee

Norbert A. Schueller
Belen, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals pro se from an order granting Plaintiff's motion for summary judgment and from an order dismissing Defendant's counterclaims. We issued a calendar notice proposing to summarily affirm the district court. Defendant filed a timely memorandum in opposition. After due consideration, we affirm.

**DISCUSSION**

Defendant first argues that the district court erred in granting summary judgment to Plaintiff on its complaint for money due. [DS 2-4] We apply the following standards in reviewing an order granting summary judgment. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Schwartzman v. Schwartzman*

*Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 55, 728 P.2d 462, 465 (1986). Summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists. *See Cates v. Regents of N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65.

Plaintiff filed a complaint for money due alleging that Defendant owed $6417.09 in credit card debt plus interest. [RP 1-2] In response, Defendant admitted that he had an account with Plaintiff, but denied that he owed the debt claimed by Plaintiff on the basis of affirmative defenses, including breach of covenants of good faith and fair dealing, fraud, misconduct, and unlawful activity. [RP 4-7] Defendant also filed a cross-complaint alleging breach of covenants of good faith and fair dealing, fraud, unfair debt collection practices, harassment, infliction of emotional distress, and punitive damages. [RP 9-20] Plaintiff moved for summary judgment and attached numerous exhibits documenting Defendant's application, credit card statements, credit card agreement, payment history, and debt owed. [RP 24-26, 27-236] In response, Defendant claimed that his breach of the credit card agreement was excused because Plaintiff itself had breached the agreement. [RP 240-47] Defendant

did not dispute that he had incurred a debt, but claimed that Plaintiff had failed to establish whether Defendant's failure to make payments as required by the contract was excused. [RP 246] Defendant attached his own affidavit in which he stated he was undergoing cancer treatment and that Plaintiff was on notice of his illness and treatment. [RP 248-53] Defendant claimed that Plaintiff charged different and usurious interest rates, lied about the rates, imposed late fees out of greed, committed fraud, discriminated against Defendant, harassed Defendant with phone calls about past due payments, and engaged in unfair debt collection practices. [RP 248-53] After a hearing, the district court granted summary judgment in favor of Plaintiff based on the pleadings, the allegations in Plaintiff's motion, and the exhibits attached to the motion. [RP 256]

On appeal, Defendant argues that the district court erred in granting summary judgment without an evidentiary hearing and irrespective of his affirmative defenses. [DS 2-3] Defendant contends that a reasonable jury might reasonably believe that Defendant's performance was excused by Plaintiff's breach of material covenants and that it was error to grant summary judgment without any offer of evidentiary proof to the effect that Defendant's performance was not excused. [DS 3-4]

Contrary to Defendant's assertions, our calendar notice proposed to hold that Plaintiff's evidence was sufficient to make a prima facie showing that Defendant owed

4

Plaintiff money and that the burden then shifted to Defendant to demonstrate the existence of specific evidentiary facts which would require a trial on the merits. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45. Defendant admitted that he had an account with Plaintiff and that he owed a debt. [RP 246] Although Defendant disputed the amount of the debt [RP 246], he did not present any evidence to dispute the documentation provided by Plaintiff that the debt was $6417.09 plus interest, which according to the affidavit of Plaintiff's agent was $7173.36 as of May 12, 2008. [RP 230, 236]

We proposed to hold that Defendant's affidavit failed to raise any genuine issue of material fact as to the debt owed to Plaintiff. The affidavit does not dispute that Defendant owed a debt to Plaintiff. Instead, Defendant questions the amount of the debt and raises numerous unsubstantiated allegations that his debt should be excused because of Plaintiff's conduct. Defendant's allegations concern Plaintiff's efforts to collect its debt after Defendant failed to make his payments. As Plaintiff was able to demonstrate the amount of the debt and that it was entitled to attempt to collect its debt pursuant to the credit card agreement, we are not persuaded that Defendant was able to raise a material disputed fact about whether Plaintiff engaged in unlawful conduct. As such, we proposed to disagree with Defendant that the district court erred by not considering his defenses.

Defendant's memorandum in opposition does not persuade us that our proposed disposition was incorrect. Defendant continues to assert that he had no opportunity to adequately present his defenses and no opportunity to conduct discovery because Plaintiff controlled the evidence. [MIO 3] However, as just discussed, our review of the record does not support these assertions, and Defendant offers no further argument as to why we should reach a different result.

We therefore hold that Defendant did not meet his burden of demonstrating that a material issue of fact existed as to Plaintiff's alleged breach and other misconduct and therefore his defenses had no merit. *See Turner v. Barnhart*, 83 N.M. 759, 761, 497 P.2d 970, 972 (1972) (stating that "[t]he party opposing . . . summary judgment cannot defeat the motion and require a trial by the bare contention that an issue of fact exists, but must show that evidence is available which would justify a trial on the issue"). We affirm the district court's summary judgment ruling.

Defendant also argues that the district court erred in granting Plaintiff's motion to dismiss the counterclaims. [DS 3-4; MIO 4] Defendant contends that the district court determined that Plaintiff automatically prevailed without regard to his defenses. [DS 3-4]

As discussed in our calendar notice, we proposed to disagree with Defendant's contention that the district court failed to consider his defenses and counterclaims

once it granted summary judgment. Plaintiff argued that Defendant's counterclaim should be dismissed pursuant to Rule 1-012(B)(6) NMRA for failure to state a claim. [RP 258-61] A motion to dismiss for failure to state a claim is properly granted only when it appears that the party cannot recover under any state of facts provable under the claim. *See Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71.

Plaintiff argued that the counterclaims should be dismissed for the following reasons. As to the claim for breach of good faith and fair dealing, Plaintiff argued that Defendant's claim was based on a contention that Plaintiff engaged in usurious conduct, but that there are no state or federal usury laws. [RP 259] Plaintiff also argued that Defendant breached the contract, not Plaintiff. [RP 259] On the fraud claim, Plaintiff argued that Defendant's assertions that Plaintiff had defrauded him with respect to charging different interest rates were disproved when the district court granted summary judgment and that Defendant had agreed to the interest rates charged by Plaintiff. [RP 259-60] On the unfair debt collection practices claim, which was based on the federal Fair Debt Collection Practices Act, Plaintiff argued that it was not subject to the act because Plaintiff was an original creditor. [RP 260] In addition, Plaintiff argued that Defendant's claims of harassment and intentional infliction of emotional distress were also based on violations of the federal act. [RP 260-61]

In response to Plaintiff's motion, Defendant argued that the district court prejudged the case by stating at the summary judgment hearing that it did not think there was any merit to the counterclaim and "inviting" Plaintiff's attorney to make an oral motion to dismiss the counterclaims. [RP 266-67] Given that we are not persuaded that there is any merit to Defendant's claims, we are not persuaded that the district court's comments were prejudicial. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (stating that "[a]n assertion of prejudice is not a showing of prejudice").

Defendant also argued that the district court granted Plaintiff's motion to dismiss without giving him an opportunity to present evidence or engage in discovery. [RP 267] Defendant alleged that the district court unilaterally and arbitrarily determined that a pro se defendant cannot assert defenses in a contract action and that his due process rights were violated. [RP 267] We remain unpersuaded. As discussed earlier, Defendant failed to meet his burden of rebutting Plaintiff's prima facie case on Plaintiff's complaint for money due on the credit card debt. Defendant's allegations constituted bare denials and legally insufficient defenses. As a result, Defendant was not able to prevail on his claims that Plaintiff had breached the contract or had engaged in unlawful conduct. Accordingly, the district court did not determine that Defendant could not assert defenses, but that his defenses could be

rejected on the merits for failure to create an issue of material fact. Although Defendant complains about not being given the opportunity to present evidence or conduct discovery, he had his opportunity at the summary judgment stage and did not demonstrate that an issue of material fact existed.

With respect to his counterclaims, Defendant's response to the motion to dismiss repeated the same arguments and failed to demonstrate he had a legal basis for any of his claims. Defendant's allegations about interest rates, late fees, and fraud were precluded by the ruling that Plaintiff was entitled to summary judgment on its complaint for money due. On the claims based on the Fair Debt Collection Practices Act, Defendant provided no basis for establishing that the act would apply to a lawsuit for money due instituted by an original creditor. On appeal, Defendant appears to acknowledge that the act does not apply but argues that Plaintiff's repetitive telephone calls constituted harassment irrespective of the act. [DS 5]

We remain unpersuaded. Defendant failed to present any legal basis for his claims of harassment and intentional infliction of emotional distress. As noted in our calendar notice, it appears that Plaintiff's telephone calls were made in an effort to collect its debt. We see no basis for the district court to find that the repeated calls constituted harassment. In addition, Defendant presents no legal basis for concluding that the alleged harassment would provide an absolute defense to a claim for money

owed. In his memorandum in opposition, Defendant does not provide any authority for his position, but merely states that it is ironic that the act upon which he relied before the district court does not apply to creditors. [MIO 4] We therefore hold there was no error in the district court's rejection of Defendant's claims related to harassment.

Accordingly, we remain persuaded that the district court properly dismissed the counterclaims because they were without merit.

**CONCLUSION**

For the foregoing reasons and those stated in our calendar notice, we hold that the district court did not err in granting summary judgment in Plaintiff's favor or in dismissing Defendant's counterclaims.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**

10